HARRIET E. WILLIS, as Administratrix, etc., Appellant, *v.* SARAH J. SMYTH et al., Respondents.

U., plaintiff's intestate, in 1850 deposited a sum of money in a savings bank, which was credited to an account then opened with her, in trust for S. J. U., her daughter. The bank issued a pass-book, in which the account was entered, as with her, in trust for her said daughter. This deposit was subsequently drawn out. In 1874, U., having sold a house and lot, deposited $2,000 to the credit of said account, which was entered in said pass-book. She also, at the same time, deposited $25 to the credit of an account, with her in trust, for a grand-daughter, receiving another pass-book therefor, and on the same day she deposited the balance of the purchase-money received to her own credit, in another savings bank. U. retained the pass-book until her death. In an action to determine the title to the deposit, *held,* that the transaction disclosed an intention to

create a trust for the benefit of the daughter; and that the latter
was entitled to the fund.

Also *held*, the fact that prior to the second deposit the daughter was
married, and so bore a different name, at that time, and that the
name was not changed in the account, did not affect the question, as the
deposit was clearly made for her benefit.

Also *held*, the fact that U. drew the interest on the deposit did not
change or affect the character she had given to it as a trust fund ; nor did
the fact that she had offered to loan the money, after the deposit was
made; or that she, in the first place, proposed to deposit the whole
purchase-money in the bank where the balance was deposited.

(Argued January 23, 1883 ; decided February 6, 1883.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, entered upon
an order made the first Monday of October, 1881, which
affirmed a judgment in favor of defendant Smyth, entered
upon a decision of the court on trial without a jury.

This action was brought to determine the title to a deposit
made by Clarinda P. Urner, plaintiff's intestate, with defendant
the Seamen's Savings Bank of the city of New York. . The
court found substantially the following facts :

On the 28th of June, 1850, said Clarinda P. Urner, the
mother of the defendant, Sarah J. Smyth (the said defendant
then being a minor, and unmarried), opened an account with
the said bank, and on that day deposited in said bank the sum
of $288, which account was headed :

" Clarinda P. Urner, in trust for Sarah J. Urner."

Said bank then duly issued its bank or pass-book with the
following entry therein : " Clarinda P. Urner, in trust for
Sarah J. Urner, in account with Seamen's Bank for Savings."

On the 11th day of December, 1874, said intestate, having
on hand $4,500, the proceeds of the sale of a house and lot,
deposited the further sum of $2,000 with the said bank,
which deposit was entered in said pass-book. She at first in-
tended to deposit the whole in the Bowery Savings Bank, but
concluding not to risk the whole in that bank, made the de-
posit as stated and deposited the balance in the bank last

named.   Before said deposit the said Sarah J. Urner inter-
married with one Alexander Smyth.

It appeared that when the deposit in question was made she
deposited in the same bank $25 in trust for a grand-daughter,
opening this account also in her own name as trustee, and re-
ceiving a pass-book therefor.   It also appeared that prior to
the time of such deposit nearly all of the first deposit, with
interest, had been drawn out by intestate, and that the balance,
with the interest on the $2,000 up to the January preceding
her death, was drawn out by her.

*A. H. Hitchcock* for appellant.   A deposit of the character
of the one in suit is not a sufficient declaration in trust, and did
not pass the title to the fund.   (*Young* v. *Young,* 80 N. Y.
438; *Boone* v. *Citizens' Bk.,* 84 id. 83.)

*Alfred Steckler* for respondent.   Plaintiff's intestate by
her acts constituted herself a trustee of the fund for the bene-
fit of respondent.   (*Martin* v. *Funk,* 75 N. Y. 134; *Wetzel*
v. *Chapin,* 3 Bradf. 386; *Millspaugh* v. *Putnam,* 16 Abb. Pr.
380; *Smith* v. *Lee,* 2 N. Y. Sup. Ct. 591; *Minor* v. *Rogers,* 40
Conn. 512; *Exton* v. *Scott,* 6 Simons, 31; *Fletcher* v. *Fletcher,*
4 Hare, 67; *Sowerlyer* v. *Arden,* 1 Johns. Ch. 240; *Brum* v.
*Winthrop,* id. 329; *Grangial* v. *Arden,* 10 Johns. 295; *Doty*
v. *Willson,* 47 N. Y. 580.)   The ownership and the right to the
possession of the pass-book followed the ownership of the
money.   The book was not the property, but only the voucher
for the property which after the deposit consisted of the debt
against the bank.   (*Martin* v. *Funk,* 75 N. Y. 134–142;
*Young* v. *Young,* 80 id. 422; *Heartley* v. *Nicholso,* 44 L.
J. Ch. App. [N. S.] 277.)

MILLER, J.   We concur with the opinion of the General
Term that it is difficult to distinguish any difference of a ma-
terial character between the circumstances arising in this case
and those presented in the case of *Martin* v. *Funk* (75 N. Y.
134).   The opinion of the court in that case seems to cover the

question which is presented in this case, and the decision here might well rest upon the authority of the case cited without comment. The counsel for the appellant claims that a distinction exists between that case and the one at bar, and that only a single question was there raised, which was that the retention of the pass-book was inconsistent with the declarations contained in it. We cannot concur in this view, and we think that in both cases there was abundant evidence to indicate the intention of making a trust for the benefit of the parties named. Certainly the discussion in the opinion of CHURCH, Ch. J., in *Martin* v. *Funk* fully covers the principle involved in the question which is here presented, and it would be extremely difficult to discriminate so as to hold that a distinction exists between the two cases which renders the one cited inapplicable to this one. Such being the case we think the authority of the case cited is controlling and decisive.

It is very apparent that the intestate intended to make the deposit for the benefit of her daughter therein named. The language employed bears the strongest evidence of such an intention, and this seems to be supported by all the surrounding circumstances of the case; the beneficiary had been unfortunate and her mother clearly designed to make some provision which would inure to her benefit, and hence made the deposit in question in the form presented. It is true that originally a small sum had been deposited which had been subsequently drawn out, but the account was still continued in the same name and for the same evident purpose.

It appears that the intestate, on the same day as the deposit in question, had made another deposit in another bank to her individual account for the sum of $2,500, which was a portion of the avails of a sale of real estate which she had made. She also deposited on the same day in the same bank where the $2,000 in question, which also constituted a portion of the avails of the said sale, was deposited $25, which was credited in another book, and which was stated to be in trust for a grandchild, being the daughter of the plaintiff. These circumstances bear on their face the strongest indications of an entire ap-

prehension on the part of the intestate of the nature of the business she was transacting and her intention to make separate deposits of the funds she had received, for the benefit of different persons, including the defendant Smyth. Nothing could be clearer or more conclusive as to her object and the purpose which she had in view. Retention of the bank-book by her for a number of years, within the case cited *suprà,* must be regarded as showing that she kept it as trustee and in no other capacity, nor does the fact of her drawing the interest detract from the character in which she held the deposit as trustee. She may not have been aware that she had no right to draw from the trust fund, but that fact would not take away the character which she had given to that fund. She also had another bank-book, of the same bank in which she deposited the $2,000 in question, containing her individual account, against which she was in the habit of drawing funds. The counsel for the appellant claims that the Special and General Terms overlooked the finding that the intestate had intended to deposit the whole of the money received by her, from the sale of real estate, in the Bowery Savings Bank, but unwilling to risk it all in that bank, she deposited $2,500 there, and $2,000, being the deposit in question, in the Seamen's Bank of Savings, the defendant corporation. We are unable to perceive how this finding can affect or impair a trust that was created by the deposit of the money in question in the form in which it was entered in the pass-book, and we think this fact does not in any way impair or affect the character which was impressed upon the deposit by the language employed in entering the same upon the book.

The point is also made that there was no person named Sarah J. Urner, the *cestui que trust* named in the pass-book, at the time the deposit of $2,000 was made, for the reason that the Sarah J. Urner originally named had been married before the last deposit was made, and that her name at that time was Smyth. We think this position not well founded. It is manifest that the deposit was made, for the benefit of the intestate's daughter originally and continued so after her marriage. It

was designed for the daughter alone, as the circumstances show, being kept separate from other deposits which the intestate had made in the same bank and elsewhere. It, therefore, cannot be said it was created for herself or any one else than her daughter, and it is enough that the daughter can properly be designated as the person named, although married and bearing a different name. Her marriage could not change the nature of the deposit or the intention of the intestate to make it for her daughter's benefit.

It is difficult to see how the intestate's administratrix can recover this money which was deposited in the name and for the advantage of another person, or how any other person than the one evidently intended has any claim whatever to the same.

The evidence that the intestate offered to loan the money to her son-in-law does not deteriorate from or destroy the character of the trust which was created by the deposit.

It is enough to say that she did not loan the money, but allowed it to remain in the form it had been originally entered. Nor can it, we think, be urged that the fact that she did not change the deposit to the name of her daughter after her marriage indicated an intention that she did not intend this as a trust for the benefit of her said daughter. If she had any intention of changing it she should have manifested it in some different manner. It is very clear there was an evident intention on the part of the deceased to create a trust for the benefit of her daughter, and we are unable to see any ground upon which that intention can be subverted.

In our opinion the judgment was right and should be affirmed.

All concur.

Judgment affirmed.