Brady, J.
Margaret Knittel deposited $500 with the defendant and subsequently changed the deposit to one “in trust for Antoinette Knittel.”
After the death of the former, her administrator and executor applied for monies due, and on production of the pass-book and letters of administration issued by the surrogate of Hudson county. New Jersey, where said Margaret Knittel resided at the time of her death, and letters testamentary issued by the surrogate of New York, they were paid to him and the pass-book surrendered.
If the payment thus made was lawful the administrator of the cestui qui trust, and who is the plaintiff herein, cannot recover the amount of the trust fund or any part of it.
It is claimed that the precise question was considered and decided in the case of Boone v. Citizens Savings Bank of the City of New York (84 N. Y., 83). That action was brought by Eliza A. Boone, as administratrix of Christopher A. Boone, claiming an amount deposited with the defendant by Susan Boone in trust for him.
The entry in the bank book was “The Citizens Savings Bank, in account with Susan Boone, in trust for Christopher Boone.”
After the death of Susan Boone, the bank book passed into the hands of her administrator who presented the same with his letters of administration to the bank, and demanded the money, which was thereupon paid.
The court held the payment good upon the ground that upon the death of Susan Boone her rights as trustee devolved *415 upon her administrator, and that the trust was wholly between the trustee and cestui qui trust which the bank was not bound to know or inquire about, at least until notice of a hostile claim, the bank having received the money as bailees agreeing to pay it on demand to Susan Boone, the trustee.
This case seems to be precisely in point if its effect has not been destroyed by chapter 185 of the Laws of 1882, which provides that upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his next of kin or personal representatives, but the trust, if unexecuted, shall vest in the supreme court.
This act can in no way affect the rights of the parties to this action.
The money was paid to the bank long before the passage of this act, and, in the case of Boone v. Citizens Savings Bank (cited, supra), the rule is expressly recognized that the payment was properly made because the trust, being one relating to personal estate, had devolved upon the personal representatives of Susan Boone and without notice of a hostile claim.
This rule is in no way qualified by the subsequent case of Willis v. Smyth (91 N. Y., 297). In that case the contest was ag to the title to the money deposited, and not a claim against the bank by the cestui que trust after payment of the money by the bank in good faith to the person upon whom by law the trust had .devolved. Whatever may be the rule as to cases since the passage of the act of 1882, that act clearly cannot be resorted to to invalidate a payment made long before its passage.
The above cases, indeed, established, with those cited by the learned justices writing the opinions, that money deposited in trust as in this case, belongs to the cestui que trust, but the depositor is the trastee, having the right as such to withdraw the fund until notice of a hostile claim is interposed.
Nor are the rights of the defendant affected by the laws of New Jersey as to the devolution of trusts.
Their rights, obligations and duties are established by the laws of this state, where they are organized and do business.
Non-residents must conform to those laws and those representing them as well.
The statute of 1875, chapter 371, allowing deposits made by or on behalf of minors to be paid them, does not of itself subvert the right of the defendant to pay the administrator of a deceased depositor.
The statute is a concession to minority and was not intended to abrogate the rules propounded by the courts in Tegard to the trusts for.infants under consideration here.
*416 The object was to enable the cestui que trust to obtain payment upon the death of the trustee without waiting for appointment of a new trustee.
, It was :also designed, doubtless to enable the batiks to deal directly with the cestui que trust, when the depositor having departed this life could no longer exercise the right to withdraw the funds as trustee. -
Whether there is any right of action existing against the-administrator of the depositor, may not be open to question, but that proposition is not involved herein.
No reason is discovered for interfering with the judgment,, and it must be affirmed, with costs.
Van Brunt, Oh. J., and Daniels, J., concur.