MARY SCOTT, RESPONDENT, v. JOHN H .HARBECK AND OTHERS, AS EXECUTORS, ETC., OF ELVIRA HARBECK, DECEASED, APPELLANTS.

*Deposit of money in the name of the depositor in trust for another, transfers the title to the fund to the latter.*

Where a deposit is made by a party in a savings bank in her own name as trustee for another, the money deposited becomes the property of the person named as the *cestui que trust*, and no act of the party making such deposit in subsequently withdrawing the money from the bank can affect, as against the party depositing the money, the title thereto in the *cestui que trust*.

APPEAL by the defendants from a judgment, entered at the Kings County Circuit upon the verdict of a jury in favor of the plaintiff for $1,156.49.

One Elvira Parker deposited in a savings bank, known as the Bowery Savings Bank in the city of New York, to the credit of Elvira Harbeck, in trust for Mary Barker, $986.34, and subsequently and on the 30th of July, 1884, the said Elvira Harbeck, as such trustee, drew out of the said bank said money and used the same, and thereafter died on November 16, 1884.

This action was brought by Mary Scott, who was, at the time such deposit was made, the Mary Barker named as beneficiary in such deposit, against the executors of Elvira Harbeck to recover the amount of money so deposited.

*Joseph A. Shoudy*, for the appellants.

*Benjamin F. Tracy*, for the respondent.

DYKMAN, J.:

This action was brought to recover the amount of a deposit in a savings bank in trust for the plaintiff, who was then unmarried, and named Mary Barker. The complaint stated that, prior to July 30, 1884, there was on deposit in the Bowery Savings Bank, in the city of New York, to the credit of Elvira Harbeck, in trust for the plaintiff, the sum of $986. That, about that time, Elvira Harbeck drew such money out of the bank and converted the same to her own use. Mrs. Harbeck is dead, and the action is brought against her executors. Upon the trial of the cause the defendants' counsel made an admission of the foregoing facts stated in the complaint. Upon the trial the counsel for the defendant sought to prove, by way of defense to the action, that the plaintiff was ignorant of the deposit so made for her benefit until after the death of the depositor.

A verdict was directed in favor of the plaintiff for the amount claimed, and the defendants have appealed from the judgment, and from the order for costs against the defendants.

Under a long line of decisions by the courts it was quite immaterial whether the plaintiff had knowledge of the deposit in her favor or not; such deposit was an executed trust, depending upon no act of the plaintiff to make it valid or available to her.

The case of *Martin* v. *Funk* (reported in 75 N. Y., 134) seems to be decisive of this case. In that case a deposit was made in a savings bank of a sum of money belonging to the depositor, in trust for the plaintiff, who was ignorant of the deposit so made until after the death of the depositor. In an action to obtain possession of the pass-books and to recover the deposit it was held, by the Court of Appeals, that the transaction was a valid and sufficient declaration of trust, and passed the title to the money deposited to the beneficiaries, and constituted the depositor a trustee. It seems to be plain, therefore, that the judgment should be affirmed.

There was no question made in the argument before us respecting the allowance of costs, and we assume that the point was abandoned.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

PRATT, J.:

Upon the conceded facts, we think the plaintiff was entitled to have the jury instructed to find a verdict. Elvira Harbeck deposited money in bank, in 1860, in her own name, as trustee for the plaintiff. In 1884 she drew it out and converted it to her own use. It was immaterial whether the plaintiff knew of the deposit or not; when the money was deposited in her name as *cestui que trust*, it became her property. (*Martin* v. *Funk*, 75 N. Y., 134; *Mabie* v. *Bailey*, 95 id., 206; *Willis* v. *Smyth*, 91 id., 297.) None of the acts of the trustee afterwards had any tendency to prove a valid defense to the action. (*Mabie* v. *Bailey, supra*.)

The legal title was in the trustee, but she could not convert the money to her own use without being liable to account. By the act of depositing the money (assuming it was the money of testatrix at the time), it became an executed gift, and thereafter it was a trust fund; so that in no view of the case was there any question of fact for the jury to determine.

The judgment is right and must be affirmed, with costs.

Judgment affirmed, with costs.