JOHN CUNNINGHAM, Appellant, *v.* WILLIAM B. DAVENPORT, Public Administrator, etc., Respondent.

147   43
159  172
d159  173
147      43
d 77 AD 510
77 AD 511
77 AD 512
77 AD 513

SAVINGS BANK — DEPOSIT IN TRUST FOR ANOTHER. An irrevocable trust in favor of another than the depositor is not established where the facts disclosed are to the effect that a depositor opened an account in a savings bank in his own name; that he thereafter changed it to his own name in trust for his brother; that the brother subsequently died, and three days thereafter the depositor changed the account back to his own name; that the depositor at all times retained possession of the bank books until delivered up to the bank; that the brother was not informed of the account, and the depositor is alive, denying the trust and claiming never to have intended to give the money represented by the account to his brother nor to have ever intended it for his benefit, although the depositor does not disclose his reasons for opening the account in trust for his brother.

*Martin* v. *Funk* (75 N. Y. 134); *Willis* v. *Smyth* (91 id. 297); *Mabie* v. *Bailey* (95 id. 206), distinguished.

*Cunningham* v. *Davenport* (74 Hun, 53), reversed.

(Argued March 5, 1895; decided October 8, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 1, 1893, which affirmed a portion of a judgment of the Special Term in favor of defendant.

This action was brought to recover possession of certain savings bank books of deposit.

The facts, so far as material, are stated in the opinion.

*J. Stewart Ross* for appellant. The award of judgment to the defendant Davenport was error. (*Young* v. *Young*, 80 N. Y. 430; *Beaver* v. *Beaver*, 117 id. 421; 137 id. 59; *Mabie* v. *Bailey*, 95 id. 206; *Hamer* v. *Sidway*, 124 id. 550; *Conselyea* v. *Swift*, 103 id. 231; *Weber* v. *Weber*, 9 Daly, 211; 58 How. Pr. 256; *Clark* v. *Clark*, 108 Mass. 522; *Alger* v. *N. E. & B. Co.*, 5 N. E. Rep. 893; *Nutt* v. *Morse*, 142 Mass. 1.)

*James J. Rogers* for respondent. The case contains none of the evidence given on the trial. The court, on appeal, will

not go into an examination to see whether the findings of the court at Special Term are sustained by the testimony, but will assume that the findings are true and in accordance with the evidence. (*Lamb* v. *Grover*, 47 Barb. 317; *Howard* v. *Hayes*, 11 N. Y. S. R. 276; *Morehouse* v. *Yeager*, 9 J. & S. 135; *Perrine* v. *Hotchkiss*, 2 T. & C. 370; *Perkins* v. *Hill*, 56 N. Y. 87; *Gardner* v. *Schwab*, 110 id. 660; *Kellogg* v. *Thompson*, 66 id. 88; *Murray* v. *Marshall*, 94 id. 617; *Schwarz* v. *Weber*, 103 id. 658; *Travis* v. *Travis*, 122 id. 449; *Hinds* v. *Kellogg*, 37 N. Y. S. R. 356; *St. John* v. *Potter*, 46 id. 883.) The account No. 523,181 of Bowery Savings Bank in the name of "John Cunningham in trust for Patrick Cunningham, his brother," must be presumed to have been the sole property of Patrick Cunningham, deceased. (*Millspaugh* v. *Putnam*, 16 Abb. Pr. 380; *Martin* v. *Funk*, 75 N. Y. 134; *Willis* v. *Smyth*, 91 id. 297; *Anderson* v. *Thompson*, 38 Hun, 394; *Mabie* v. *Bailey*, 95 N. Y. 207; *Scott* v. *Harbeck*, 49 Hun, 292.) Where the pass book is in the name of "Michael Smith for Mary Smith," the deposit belongs to Mary Smith, and upon her death goes to her administrator. (*In re Smith*, 17 Abb. [N. C.] 78; *Gaffney* v. *Public Admin.*, 4 Dem. 223; *Barker* v. *Harbeck*, 2 N. Y. Supp. 425; 17 N. Y. S. R. 678.) The trust once established and no power of revocation having been reserved, it was within the authorities irrevocable. (*Minor* v. *Rogers*, 40 Conn. 512; 16 Am. Rep. 69; *Mabie* v. *Bailey*, 95 N. Y. 211.)

BARTLETT, J. The plaintiff appealed from the judgment of the General Term, second department, which affirmed that part of the judgment of the Special Term adjudging that William B. Davenport, public administrator, as administrator of the goods, etc., of Patrick Cunningham, deceased, recover of the plaintiff a judgment for $2,830.15.

This case presented questions between other parties that were determined by the judgment of the Special Term in plaintiff's favor, and as to which no appeal is taken. In order to properly understand that portion of the Special Term judgment

appealed from it is only necessary to examine a few of the facts as found.

It appears that the plaintiff, on the 2d day of July, 1869, opened an account in the Bowery Savings Bank in the city of New York by a deposit of his own money, and made other like deposits down to about the year 1881, when the account was transferred, at plaintiff's request, to a new account entered on the books of the bank to the credit of "John Cunningham, in trust for Patrick Cunningham, his brother," and so remained until the 17th day of April, 1890, when plaintiff surrendered to the bank his deposit book and had the account transferred to his own credit, and on the 6th or 7th of June, 1890, withdrew all of the money, amounting to $2,322.54.

It further appears that the plaintiff always retained possession of the bank books representing these accounts; that there is no evidence that plaintiff ever informed Patrick Cunningham of the transfer of the account to the credit of plaintiff in trust for him; that there is no evidence that plaintiff ever received any moneys from Patrick Cunningham, and plaintiff claims never to have intended to give the money contained in the account to Patrick Cunningham, or to have ever intended it for his benefit.

It also appears that Patrick Cunningham, the alleged beneficiary, died April 14, 1890, three days before the account in the Bowery Savings Bank was changed back into the name of plaintiff individually.

The question now presented is whether, under the facts as stated, the plaintiff created a trust in favor of his brother, Patrick Cunningham, when he opened the alleged trust account in 1881, which he could not afterwards revoke.

It is insisted by the learned counsel for the respondent that this is no longer an open question in this court, and that plaintiff's action in 1881 created an irrevocable trust in favor of Patrick Cunningham, and that the administrator of the latter can recover of plaintiff the money he withdrew from the Bowery Savings Bank, with interest and costs.

We are of opinion that this case is distinguishable from the

cases in this court to which we have been referred, and that the recovery against plaintiff by the administrator of Patrick Cunningham's estate cannot be sustained.

The first case is *Martin* v. *Funk* (75 N. Y. 134). The account was here opened: "The Citizens' Savings Bank in account with Susan Boone, in trust for Lillie Willard."

The depositor opened this account in 1866 and retained possession of the bank book until her death in 1875.

A like account was opened at the same time in trust for Kate Willard, a sister of the other beneficiary.

Neither beneficiary was informed of the account.

The court held that such a transaction unexplained and followed by the death of the depositor with the accounts still existing, created a valid trust.

The case of *Willis* v. *Smyth* (91 N. Y. 297) was quite similar in its facts to *Martin* v. *Funk*, and the latter case was held to be a controlling authority.

In the case of *Mabie* v. *Bailey* (95 N. Y. 206) the deposit was the same in form as in *Martin* v. *Funk*, but the intention of the depositor was not left to inference, it being shown that the pass book had been exhibited to plaintiff's mother and was matter of conversation on several subsequent occasions.

Judge ANDREWS, after calling attention to this proof, also pointed out that *Martin* v. *Funk* left undecided the point whether, in respect to such a transaction, surrounding circumstances may not be shown to vary or explain the apparent character of the acts and the intent with which they were done, and he then adds: "If it was now necessary to decide that point, I should incline to the opinion that the character of such a transaction, as creating a trust, is not conclusively established by the mere fact of the deposit so as to preclude evidence of contemporaneous facts and circumstances constituting *res gestœ*, to show that the real motive of the depositor was not to create a trust, but to accomplish some independent and different purpose inconsistent with an intention to divest himself of the beneficial ownership of the fund."

In the case of *Beaver* v. *Beaver* (117 N. Y. 421) the mat-

ter of deposit in savings bank by father in name of his son was under .consideration.    Owing to the peculiar circumstances of that case it was held that the plaintiff's title to the fund depended upon the question of gift rather than trust.

Judge ANDREWS uses this language in a general discussion of the subject :

" It may be justly said that a deposit in a savings bank by one person of his own money to the credit of another, is consistent with an intent on the part of the depositor to give the money to the other.    But it does not we think of itself, without more, authorize an affirmative finding that the deposit was made with the intent, when the deposit was to a new account, unaccompanied by any declaration of intention, and the depositor received at the time a pass book, the possession and presentation of which, by the rules of the bank, known to the depositor, is made the evidence of the right to draw the deposit."    Judge ANDREWS, pointing out various motives that impel depositors to open accounts to the credit of third parties or fictitious persons, with no intention of divesting themselves of ownership, continues as follows :

" We are inclined to think that to infer a gift from the form of the deposit alone would, in the great majority of cases, and especially when the deposit was of any considerable amount, impute an intention which never existed and defeat the real purpose of the depositor.    The relation of father and son does not in this case, we think, strengthen the plaintiff's case."

We think the reasoning of this opinion is equally applicable to a case presenting the question whether a trust is created by opening an account in the name of, or in trust for, a third party.

The doctrine laid down by this court in the previous cases amounts to this, that the act of a depositor in opening an account in a savings bank in trust for a third party, the depositor retaining possession of the bank book and failing to notify the beneficiary, creates a trust if the depositor dies before the beneficiary, leaving the trust account open and unexplained.

If the intent can be strengthened by acts and declarations of the depositor in his lifetime amounting to publication of his intent a more satisfactory case is made out, but it is not absolutely essential, in the absence of explanation, where he dies leaving the trust account existing.

In the case at bar we have a state of facts in every way distinguishable from the cases heretofore passed upon by this court.   John Cunningham, the depositor, is alive, denying the trust and seeking in his old age to hold his own money as against the administrator of his deceased brother, the beneficiary under this alleged trust.

This case was tried at Special Term; the record does not contain the evidence, and the findings of fact are conclusive.

The findings show, as already stated, that this was a transaction between John Cunningham and the Bowery Savings Bank; that the depositor first opened the account in his own name, then changed it to his own name in trust for his brother, then changed it back to his own name three days after the death of the alleged beneficiary; that the depositor at all times retained possession of the bank books representing these accounts until delivered up to the bank; that Patrick Cunningham, the brother, was not informed of the account; that John never received any money from Patrick; that John claims never to have intended to give the money represented by the account to Patrick, nor to have ever intended it for his benefit.

Surely this is a full and complete explanation by the living depositor of his intentions in this matter.

The learned trial judge uses this language in his opinion, viz. :

"An intention not to give it to his brother is inconsistent with his act and the form of his deposit, and his evidence is insufficient, to my mind, of what would otherwise be the legal effect without some explanations of the reasons for making the deposit in the form he did."

We think it was quite sufficient for the depositor to state, as he did, that he did not intend to create a trust and never

intended to give his brother the money; he was not called upon to disclose his reasons for opening the account in trust for his brother.

We have presented here the case of a man who takes his own money and deposits it to his own credit in trust for another, making no disclosure or publication of the trust, treating it apparently as a mode of transacting his own business, and then survives the proposed beneficiary.

We are of opinion that such a transaction does not create a trust.

There are no sufficient circumstances or delarations from which a court of equity can spell out a trust even under the liberal rule as to the creation of trusts in personal property which holds no formal or written agreement or particular form of words necessary.

The death of the beneficiary three days before the trust account was closed is urged as a reason why this alleged trust should be sustained.

It is a circumstance of no moment, for the opening of the account, as now explained, did not create a trust.

The order and judgment appealed from are reversed, with costs to plaintiff in all the courts.

All concur.

Order and judgment reversed.