A new trial should therefore be ordered, unless the defendant consents to reduce his recovery by deducting $897.52 therefrom, in which event the judgment should be affirmed, without costs. All concur.

(15 App. Div. 553.)

DECKER v. UNION DIME SAV. INST. et al.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

1. TRUSTS—DEPOSIT IN SAVINGS BANK—INTENTION OF DEPOSITOR.
   The making of a deposit as "trustee" for a person named does not of itself divest the depositor of title, but his intention is a question of fact.
2. SAME—EVIDENCE.
   Plaintiff's brother deposited money in a savings bank in his own name, as "trustee" for plaintiff. The brother was then a widower of considerable means, with no one dependent on him, and he was on good terms with plaintiff. There was evidence that he had said that he had given the amount of the deposit to plaintiff. On the other hand, there was evidence that he had said that he made the deposit in plaintiff's name because it was his habit, when an account exceeded a certain sum, to withdraw it, and place it where it would draw more interest. Held, that a finding that the deposit was intended as a gift to plaintiff was sustained by the evidence, and therefore plaintiff was entitled to the money, though the depositor afterwards married again, and transferred the account in the name of his wife, stating that plaintiff should not have it because of her husband.

Appeal from special term, New York county.

Transferred from First department.

Action by Ellenora H. Decker against the Union Dime Savings Institution and Lavinia A. Du Bois. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Peter S. Carter, for appellants.
G. W. H. Zeglio, for respondent.

HATCH, J. It is conceded that William F. Du Bois in his lifetime deposited in the Union Dime Savings Institution the sum of $4,086.50. The account was opened and the deposit made, upon request of Du Bois, in these words: "William F. Du Bois, trustee for Ellenora H. Decker (address, 435 Hudson street), widow; (age), 67; (parents' names), Samuel, Sarah; (occupation), awnings. The number of the account is 180,769; the date it was opened, 31st day of July, 1886." Du Bois and Decker were brother and sister. The former was a widower, and had been since 1882. He remarried in December of the same year in which the deposit was made. On August 1, 1887, Du Bois transferred $1,000 from the aforementioned deposit to an account which he opened in the same institution in the name of William F. Du Bois, in trust for Lavinia A. Du Bois, his wife, the present defendant. Subsequently, and on July 30, 1890, he transferred the remainder of the sum, then amounting to $3,552.07, standing to the credit of the account of Du Bois as trustee for Decker, to a new account in the same institution, which he deposited in the same manner in trust for Lavinia A. Du Bois. He drew from these ac-

counts, from time to time, small sums of money, and they were in like manner credited with interest. There remained to the credit of the last two accounts at the time of the trial $4,605.72. Du Bois died June 12, 1894, leaving this money on deposit as heretofore stated. The rule of law governing this class of cases is well settled in this state. The language used by the depositor in making the deposit in the present case is in all respects similar to the language used in Martin v. Funk, 75 N. Y. 134. It constitutes an unequivocal declaration of trust in favor of the beneficiary. But, while this is true, it by no means follows that the legal title to the fund passes to the beneficiary, or that the depositor of the fund has divested himself of title. The declaration is simply evidence of an intent to create a trust in favor of the beneficiary named, and may or may not be conclusive of such fact. Beaver v. Beaver, 117 N. Y. 430, 22 N. E. 940. The reason for this rule was made to rest upon the fact that depositors, for a variety of reasons, make deposits in banks in this form without at all intending to thereby divest themselves of title to the money. The intention of the depositor, therefore, becomes the question to be determined in each case, and its solution is governed by a consideration of all the facts and circumstances which surround the transaction, the case becoming essentially a question of fact. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412. If the trust be once established, it is irrevocable, in the absence of any reservation of power of revocation. Mabie v. Bailey, 95 N. Y. 206.

In the present case the court has found that the intention existed in the mind of the depositor when he opened the account in trust for the plaintiff to thereby divest himself of title to the fund, and vest the same in the plaintiff. We think that this conclusion has the support of sustaining testimony. Eliza McLean testified that Du Bois told her after the deposit was made that he had given plaintiff some four thousand and odd dollars, and the witness asked if plaintiff knew it, and he replied that she did, and had the bank books. The witness Hanlon, called by the defendant, stated that Du Bois told him in November, 1886, that he had "some money in the bank in his sister's name at that time and before that time, and that he changed his mind on account of a falling out with his brother-in-law. He was going to withdraw the money, and was not going to give him any money. * * * About a quarrel that he had with his brother-in-law, he got in a passion. He insisted that his brother-in-law should not spend a cent of the money he owned." The witness also stated that Du Bois said the reason why he put the money in his sister's name was that, when the account ran over $3,000, he was in the habit of withdrawing the money and placing it in another account, so that it would draw more interest. This, however, was not necessarily inconsistent with the existence of the trust or its continuance. Mabie v. Bailey, 95 N. Y. 212. And he again reiterated that Du Bois told him "that he had some money in his sister's name, and would withdraw it on account of his brother-in-law, and that his sister should not get a penny on account of the feeling between him and his brother-in-law, for fear his brother-in-law would get his money to spend." When this deposit was made Du Bois was a widower, with

ho one dependent upon him, was of considerable means, and the witness McLean says that the brother and sister were on good terms, and that he was "one of the most loving brothers." It does not appear that he had any one dependent upon him, or that he had any other near relative than his sister.   All of his surroundings, therefore, are consistent and in many respects strongly indicative of an intent upon his part to create a trust in the fund in favor of his sister in accordance with the declaration of trust which he made; and this, coupled with the declarations which he thereafter made, furnishes sufficient ground to uphold the finding of the court.   It is true that his declaration, made to other witnesses, that he made these deposits for the purpose of obtaining thereby more interest, coupled with the fact that he subsequently transferred the whole to his wife, is evidence, and strong evidence, that he did not intend at any time to create a trust in the fund in favor of his sister.   But this evidence as to the interest is somewhat militated against by the fact that those accounts usually exceeded the sum of $3,000.   The deposit in the name of his first wife was $4,086.50, and, she having died, he transferred the whole amount to the account opened in favor of plaintiff, and it continued so to remain until after his remarriage.   When he made the transfer of the $1,000, it still left in that account over $3,000, and the final transfer to the defendant in trust swelled the account to a sum beyond $3,000.   It does not appear that he had any account in this bank in his own name during this period.   It is quite consistent with all that appears that the original intention of Du Bois was to create a trust in favor of his sister, and that he made the deposit with that intention; that subsequent thereto, either by reason of a quarrel with her husband, or influenced by his remarriage, he changed his mind, and attempted to make a disposition of the money in accordance therewith. As we have seen, this he could not do.   Upon the whole, the case resolved itself into a question of fact, and upon conflicting testimony and inference the court has found that a trust was created in favor of plaintiff, and we are required by the law to uphold this result. The judgment should therefore be affirmed, with costs.   All concur.