DAVID JENKINS, Appellant, *v.* HENRIETTA L. BAKER, Individually and as Executrix, etc., of EMELINE JENKINS, Deceased, Respondent, Impleaded with HORACE S. JENKINS, as Executor, etc., of EMELINE JENKINS, Deceased.

77    509
82    506
40 Mis   91

*A savings bank deposit made "in trust" for another — an implication arises therefrom, in the absence of proof to the contrary, of an intention to create a trust — it is not rebutted by the fact that the money is subsequently withdrawn.*

In October, 1899, a woman opened a savings bank account in her own name in trust for her husband, and deposited therein sums which, with interest, aggregated $1,397.56. In May, 1900, she drew out all of such sums and gave $650 thereof to her daughter. She died in July, 1900, without disclosing to her husband the existence of the account or making any declaration in respect thereto.

*Held,* that, in the absence of testimony showing a contrary intention, the opening of the account in trust furnished sufficient proof that the woman intended to create a trust in favor of her husband;

That the fact that the woman had drawn all the money out of the account before her death did not rebut the inference to be drawn from the opening of the account.

APPEAL by the plaintiff, David Jenkins, from a judgment of the Supreme Court in favor of the defendant, Henrietta L. Baker, individually and as executrix, etc., of Emeline Jenkins, deceased, entered in the office of the clerk of the county of Kings on the 22d day of October, 1901, upon the decision of the court rendered after a trial at the Kings County Special Term, and also from an order entered in said clerk's office on the 22d day of October, 1901, denying the plaintiff's motion for a new trial.

*Ira Leo Bamberger,* for the appellant.

*James B. Sheehan,* for the respondent.

JENKS, J. :

The Special Term gave judgment for the defendant. In the opinion denying the motion for a new trial the learned justice wrote that he was not satisfied with the decision filed, but that he did not see how he could change it. He summarizes the facts as follows: " The wife of the plaintiff opened an account in a savings bank in her own name, in trust for him, in October, 1899, and deposited to the said account sums which, with interest, aggregated $1,397.56. In May, 1900, she drew out all of the said account and gave $650 thereof to her daughter, the defendant Baker. She died in July, 1900, and this suit was begun afterwards. She never made such account known to her husband or made any declaration in respect of it. The naked facts of opening such account, and depositing and drawing out the money is* all that we have." And he then writes : " My view on the trial was that the fact of opening the account in trust was in and of itself a declaration of trust and evidence sufficient to prove a trust in favor of the husband, and that therefore a finding of fact that such trust was created had to be made unless the defendant introduced evidence showing that the deceased wife did not intend to create such a trust, but opened the account in such form for some reason of convenience or purpose other than to form a trust ; and no such evidence was introduced. But the opinion in the recent case of *Cunningham* v. *Davenport* in our highest court prevented me from adhering to that view and so deciding. Such opinion is very explicit, that the fact of opening such

---

\* *Sic.*

a trust account is equivocal, *i, e.*, no more consistent with the creation of a trust than with some other purpose on the part of the depositor, and that therefore a finding of fact thereon that a trust was created cannot be made *unless the depositor has died leaving the account existing.* How such fact of death can be in any way probative of the depositor's intent at the time of opening the account is not explained. The present case is barren of such fact, the depositor having drawn out the money and closed the account before she died."

*Cunningham* v. *Davenport* (147 N. Y. 43) did not directly present the question up in this case. In the *Cunningham* case the plaintiff survived the alleged beneficiary and testified at the trial that he did not intend to create a trust and never intended to give his brother the money. Such testimony, under the circumstances of the case, was held sufficient to prevent a court of equity from spelling out a trust. In the course of the opinion the court cites the language of ANDREWS, J., from *Mabie* v. *Bailey* (95 N. Y. 206) to indicate that it was the opinion of the court in the *Mabie* case, if the point had been presented, that the mere fact of the deposit did not "conclusively" establish the trust so as to preclude evidence of contemporaneous facts and circumstances constituting the *res gestæ*, to show that the real motive of the depositor was not to create a trust. It seems to me that the scope of the decision in *Cunningham* v. *Davenport,* was that as evidence was admissible to explain the depositor's intent in the *original transaction,* the testimony of the depositor in the light of the surrounding contemporaneous circumstances was admissible and sufficient to overcome the *prima facie* case of irrevocable trust which was made out by the naked fact of the deposit. The difficulty arising from the *Cunningham* case that besets the learned justice arises (and indeed he so states) from the language of the opinion, not from the decision itself.

But there is a more recent case of the Court of Appeals which, to my mind, obviates that difficulty, namely, *Farleigh* v. *Cadman* (159 N. Y. 169). In that case Cadman, in 1878, opened an account of $778 in his own name "in trust for Cora I. Cadman." The trustee made various other deposits and drew out certain sums which he applied to the plaintiff's benefit. On January 7, 1889, on account of his umbrage at the marriage of the alleged beneficiary

he drew out the entire sum standing to the credit of the account and opened a new account in his own name in trust for his own son. Thereafter the trustee died and the defendant drew out all of the money. Judgment originally was given for the plaintiff, the alleged beneficiary, for $778. The defendant appealed "because the plaintiff was permitted to recover the amount of the original deposit of $778, and interest, and the plaintiff because she was not permitted to recover the sums subsequently deposited to the credit of the trust account prior to the time it was closed by the trustee on the 7th of January, 1889, and the proceeds transferred to the new account in trust for the defendant." The case showed that the trustee (depositor) did not die leaving the account existing. This feature was directly presented and pressed upon the court. I have examined the printed points of the counsel for the defendant (Vol. 1487, Court of Appeals Cases, Law Library, Brooklyn; Vol. 2282, N. Y. State Library), and I find that the second point deals with the $778. After stating that the case is somewhat similar to *Martin* v. *Funk* (75 N. Y. 134), etc., the learned counsel says: "We need hardly discuss the earlier cases because in the last case (*Cunningham* v. *Davenport*) all the previous cases were discussed by this court, and this court in reference to them all said as follows (p. 47): 'The doctrine laid down by this court in previous cases amounts to this: That the act of a depositor in opening an account in a savings bank in trust for a third party, the depositor retaining possession of the bank book, and failing to notify the beneficiary, creates a trust, *if the depositor dies before the beneficiary leaving the trust account open and unexplained.* If the intent can be strengthened by acts and declarations of the depositor in his lifetime, amounting to publication of his intention, a more satisfactory case is made out, but it is not absolutely essential in the absence of explanation where he dies leaving the trust account existing.' Here then are stated four facts which the court says 'create a trust:' * * * 4. The trust account being open and unexplained at his death * * * .

The difference between the present case and this language of the Court of Appeals is very manifest. We have here the act of a depositor in opening an account in his own name in trust for the plaintiff, but with the expressed purpose of retaining the control of it.

We have the depositor retaining possession of the bank book and dying before the beneficiary. But the fourth element mentioned is entirely lacking. The depositor treated the account as his own from the beginning. He did not leave the account 'open.' He closed it before he died. He made a new and inconsistent deposit of the money. He did not 'leave the trust account existing.' He destroyed it."

Thus it appears that the question which perplexed the learned judge in the case at bar was directly involved in *Farleigh* v. *Cadman*, and that the counsel in that case presented to the court the same authority and urged his contention on grounds substantially similar to those which had so much weight with the learned judge in the case now up. Under these circumstances, the court in its opinion per O'BRIEN, J., lays down the general proposition : "It cannot be doubted that a valid and irrevocable trust was thereby created for the plaintiff's benefit, within all the authorities on that subject. (*Martin* v. *Funk*, 75 N. Y. 134; *Willis* v. *Smyth*, 91 N. Y. 297; *Mabie* v. *Bailey*, 95 N. Y. 206; *Beaver* v. *Beaver*, 117 N. Y. 421; *Cunningham* v. *Davenport*, 147 N. Y. 43; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450; *Schluter* v. *Bowery Savings Bank*, 117 N. Y. 125.)"

The court considers *Cunningham* v. *Davenport*, saying : "There is nothing in the case of *Cunningham* v. *Davenport* (*supra*) that conflicts in any respect with this conclusion. In that case it was held that the proof did not establish an intention on the part of the alleged donor to establish a trust for the benefit of the alleged beneficiary. But all the facts that were necessary to establish the trust which were absent in that case are notably present in this; and, moreover, the provision of the Constitution * and the statute † which forbids this court to review the decision of the court below, when it is unanimously held that the findings of fact are supported by evidence, did not apply to that case as it does to this." And again it is said (p. 174): "The control which the trustee exercised over the later deposits was not different from that which he exercised over the first one, since he drew the whole out at the same time and attempted to create a new trust with the pro-

---

* Art. 6, § 9.— [REP.     † Code Civ. Proc. § 191, subd. 4.— [REP.

ceeds of the first one for the benefit of the defendant. But the right of the plaintiff having attached to the whole sum when and as fast as it was deposited, the trustee could not affect these rights without her consent. The trustee could not destroy a trust once established by attempting to divert the fund from the beneficiary to other purposes, and that is what he undertook to do when he changed the form of the original transaction and substituted another beneficiary in the place of the plaintiff." And finally it is said (p. 175): "The result is that the plaintiff was entitled to the whole sum to the credit of the trust account, including accumulated interest, on the day that the account in plaintiff's name as beneficiary was closed by the act of the trustee." I find, then, in this decision an explicit cogent expression and reiteration of the principle of *Martin* v. *Funk* (*supra*) and kindred cases, and a refusal to limit the principle by the further condition that the depositor must have died leaving the account existing.

I am of opinion, not only for the reasons so acutely and ably stated by the learned trial justice in his opinion, but by the final authority, that his view of the law entertained upon the trial as stated by him was entirely correct. The old General Term of this department and this court have had occasion to discuss the general question in several cases, among them *Scott* v. *Harbeck* (49 Hun, 292); *Decker* v. *Union Dime Savings Institution* (15 App. Div. 553); *Williams* v. *Brooklyn Savings Bank* (51 id. 332), and *Robertson* v. *McCarty* (54 id. 103). In the case last named the opinion of HIRSCHBERG, J., contains an elaborate review of all the authorities (including the *Farleigh* case) and is so thorough and exhaustive a discussion of the precise question in this case that I can add nothing to it.

Inasmuch as the learned justice states that he did not feel himself free to apply his original view (which I think was the correct view of the law) and that he was not satisfied with the decision which he filed, we should grant a new trial.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the final award of costs.