JENKINS v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. December 9, 1902.)

1. TRUSTS—DEPOSIT IN BANK.

> A wife opened an account in a savings bank in her own name, in trust for her husband, but before her death she drew out the whole amount. There was no evidence that she ever informed her husband of the account, or made any declaration in regard to it. *Held*, that a trust for the benefit of the husband was shown.

Appeal from special term, King's county.

Action by David Jenkins against Henrietta L. Baker, individually and as executrix of the will of Emeline Jenkins, deceased, and others. From a judgment dismissing the complaint, and from an order denying a new trial (72 N. Y. Supp. 546), plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Ira Leo Bamberger, for appellant.

James B. Sheehan, for respondents.

JENKS, J. The special term gave judgment for the defendants. In the opinion denying the motion for a new trial the learned justice wrote that he was not satisfied with the decision filed, but that he did not see how he could change it. He summarizes the facts as follows:

"The wife of the plaintiff opened an account in a savings bank in her own name, in trust for him, in October, 1899, and deposited to the said account sums, which, with interest, aggregated $1,397.56. In May, 1900, she drew out all of the said account, and gave $650 thereof to her daughter, the defendant Baker. She died in July, 1900, and this suit was begun afterwards. She never made such account known to her husband, or made any declaration in respect to it. The naked facts of opening such account and depositing and drawing out the money are all that we have."

And he then writes:

"My view on the trial was that the fact of opening the account in trust was in and of itself a declaration of trust, and evidence sufficient to prove a trust in favor of the husband, and that, therefore, a finding of fact that such trust was created had to be made, unless the defendant introduced evidence showing that the deceased wife did not intend to create such a trust, but opened the account in such form for some reason of convenience or purpose other than to form a trust; and no such evidence was introduced. But the opinion in the recent case of Cunningham v. Davenport, in our highest court (147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641), prevented me from adhering to that view and so deciding. Such opinion is very explicit that the fact of opening such a trust account is equivocal,—i. e., no more consistent with the creation of a trust than with some other purpose on the part of the depositor,—and that, therefore, a finding of fact thereon that a trust was created cannot be made unless the depositor has died leaving the account existing. How such fact of death can be in any way probative of the depositor's intent at the time of opening the account is not explained. The present case is barren of such fact, the depositor having drawn out the money and closed the account before she died."

Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, did not directly present the question up in this case. In the Cunningham Case the plaintiff survived the alleged beneficiary, and testified at the trial that he did not intend to create a trust, and never intended to give his brother the money. Such testimony, under the circumstances of the case, was held sufficient to prevent a court of equity from spelling out a trust. In the course of the opinion the court cites the language of Andrews, J., from Martin v. Funk, 75 N. Y. 134, 31 Am. Rep. 446, to indicate that it was the opinion of the court in Martin's Case, if the point had been presented, that the mere fact of the deposit did not "conclusively" establish the trust, so as to preclude evidence of contemporaneous facts and circumstances constituting the res gestæ, to show that the real motive of the depositor was not to create a trust. It seems to me that the scope of the decision in Cunningham v. Davenport was that, as evidence was admissible to explain the depositor's intent in the original transaction, the testimony of the depositor in

light of the surrounding contemporaneous circumstances was admissible, and sufficient to overcome the prima facie case of irrevocable trust, which was made out by the naked fact of the deposit. The difficulty arising from the Cunningham Case that besets the learned justice arises (and, indeed, he so states) from the language of the opinion, not from the decision itself. But there is a more recent case of the court of appeals, which, to my mind, obviates that difficulty, namely, Farleigh v. Cadman, 159 N. Y. 169, 53 N. E. 808. In that case Cadman, in 1878, opened an account of $778 in his own name, "in trust for Cora J. Cadman." The trustee made various other deposits and drew out certain sums, which he applied to the plaintiff's benefit. On January 7, 1889, on account of his umbrage at the marriage of the alleged beneficiary, he drew out the entire sum standing to the credit of the account, and opened a new account in his own name, in trust for his own son. Thereafter the trustee died, and the defendant drew out all of the money. Judgment originally was given for the plaintiff, the alleged beneficiary, for $778. The defendant appealed "because the plaintiff was permitted to recover the amount of the original deposit, with interest, and the plaintiff because she was not permitted to recover the sums subsequently deposited to the credit of the trust account prior to the time it was closed by the trustees on the 7th of January, 1889, and the proceeds transferred to the new account, in trust for the defendant." The case showed that the trustee (depositor) did not die leaving the account existing. This feature was directly presented, and pressed upon the court. I have examined the printed points of the counsel for the defendant (volume 1487, Court of Appeals Cases, Law Library, Brooklyn), and I find that the second point deals with the $778. After stating that the case is somewhat similar to Martin v. Funk, supra, etc., the learned counsel says:

"We need hardly discuss the earlier cases, because in the last case [Cunningham v. Davenport] all the previous cases were discussed by this court, and this court, in reference to them all, said as follows (page 47, 147 N. Y., page 413, 41 N. E., and 32 L. R. A. 373, 49 Am. St. Rep. 641): 'The doctrine laid down by this court in previous cases amounts to this: That the act of a depositor in opening an account in a savings bank in trust for a third party, the depositor retaining possession of the bank book, and failing to notify the beneficiary, creates a trust, if the depositor dies before the beneficiary, leaving the trust account open and unexplained. If the intent can be strengthened by acts and declarations of the depositor in his lifetime amounting to publication of his intention, a more satisfactory case is made out; but it is not absolutely essential, in the absence of explanation, where he dies leaving the trust account existing.' Here, then, are stated four facts which the court says 'create a trust:' * * * (4) The trust account being open and unexplained at his death. The difference between the present case and this language of the court of appeals is very manifest. We have here the act of a depositor in opening an account in his own name, in trust for the plaintiff, but with the expressed purpose of retaining control of it. We have the depositor retaining possession of the bank book, and dying before the beneficiary. But the fourth element mentioned is entirely lacking. The depositor treated the account as his own from the beginning. He did not leave the account 'open.' He closed it before he died. He made a new and inconsistent deposit of the money. He did not 'leave the trust account existing.' He destroyed it."

Thus it appears that the question which perplexed the learned judge in the case at bar was directly involved in Farleigh v. Cadman,

and that the counsel in that case presented to the court the same authority, and urged his contention on grounds substantially similar to those which had so much weight with the learned judge in the case now up. Under these circumstances the court, in its opinion, per O'Brien, J., lays down the general proposition:

"It cannot be doubted that a valid and irrevocable trust was thereby created for the plaintiff's benefit, within all the authorities on that subject. Martin v. Funk, 75 N. Y. 134, 31 Am. Rep. 446; Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 206; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641; Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479; Schluter v. Bank, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494."

The court considers Cunningham v. Davenport, saying:

"There is nothing in the case of Cunningham v. Davenport, supra, that conflicts in any respect with this conclusion. In that case it was held that the proof did not establish an intention on the part of the alleged donor to establish a trust for the benefit of the alleged beneficiary. But all the facts that were necessary to establish the trust which were absent in that case are notably present in this; and, moreover, the provisions of the constitution and the statute which forbid this court to review the decision of the court below when it is unanimously held that the findings of fact are supported by evidence did not apply to that case as it does to this."

And again, it is said (page 174, 159 N. Y., and page 810, 53 N. E.):

"The control which the trustee exercised over the later deposits was not different from that which he exercised over the first one, since he drew the whole out at the same time, and attempted to create a new trust with the proceeds of the first one for the benefit of the defendant. But the right of the plaintiff having attached to the whole sum when, and as fast as it was deposited, the trustee could not affect these rights without her consent. The trustee could not destroy a trust once established by attempting to divert the fund from the beneficiary to other purposes, and that is what he undertook to do when he changed the form of the original transaction, and substituted another beneficiary in the place of the plaintiff."

And, finally, it is said (page 175, 159 N. Y., and page 810, 53 N. E.):

"The result is that the plaintiff was entitled to the whole sum to the credit of the trust account, including accumulated interest, on the day that the account in the plaintiff's name as beneficiary was closed by the act of the trustee."

I find, then, in this decision, an explicit cogent expression and reiteration of the principle of Martin v. Funk, supra, and kindred cases, and a refusal to limit the principle by the further condition that the depositor must have died leaving the account existing. I am of opinion, not only for the reasons so acutely and ably stated by the learned trial justice in his opinion, but by the final authority, that his view of the law entertained upon the trial, as stated by him, was entirely correct. The old general term of this department and this court have had occasion to discuss the general question in several cases, among them Scott v. Harbeck, 49 Hun, 292, 1 N. Y. Supp. 788; Decker v. Savings Inst., 15 App. Div. 553, 44 N. Y. Supp. 521; Williams v. Bank, 51 App. Div. 332, 64 N. Y. Supp. 1021; and Robertson v. McCarty, 54 App. Div. 103, 66 N. Y. Supp. 327. In the case last named the opinion of Hirschberg, J., contains

an elaborate review of all of the authorities (including Farleigh's Case), and so thorough and exhaustive a discussion of the precise question in this case that I can add nothing to it.

Inasmuch as the learned justice states that he did not feel himself free to apply his original view (which I think was the correct view of the law), and that he was not satisfied with the decision which he filed, we should grant a new trial.

Judgment and order reversed, and new trial granted; costs to abide the final award of costs. All concur.