(40 Misc. Rep. 88.)

### DICKIE v. ADAMS et al.

#### (Supreme Court, Trial Term, Kings County. February, 1903.)

1. TRUST—EVIDENCE TO ESTABLISH.

    Plaintiff sued to recover certain money deposited in a savings bank by one since deceased. The evidence showed that decedent, who died in 1898, had an account "in trust" for the plaintiff in 1880, and that in 1882 the deposit was drawn out by a check signed by her individually, payable to a third person. There was no evidence that she made the deposit, or even declared an intention to create a trust, or ever had the savings bank book. Plaintiff did not know of the alleged trust until 1902. The evidence was that of an official of the bank, who did not become such until many years after the deposit had been withdrawn. *Held*, that the evidence was insufficient to show a trust.

Action by Perry Dickie against Helen D. Adams and others to recover a sum of money. Dismissed.

John H. Parsons, for plaintiff.
Louis B. Adams, for defendants.

FORBES, J. This is an action brought against the representatives of Serena D. Turell, deceased, to recover the sum of $1,537.02 and interest from the 2d day of October, 1882. This fund represents two deposits, amounting to $1,400, and the interest thereon, $137.02, alleged to have been withdrawn by the deceased from the Irving Savings Institution, located at 96 Warren street, New York. The action is based upon the theory that the defendants' intestate in making said deposits created a trust in favor of the plaintiff. On the trial a jury was waived, and the action was tried before the court.

The evidence shows that an account was opened in said bank on the 8th day of January, 1880, by the deposit of $1,000. The second deposit was made on the 1st day of July, 1880, of $400. The balance of the account represents accrued interest. It is undisputed that the account was opened in the name of Serena D. Turell, in trust for Perry Dickie, and that the account was closed by the personal check of Serena D. Turell, dated July 2, 1882. The check was made payable to the order of Jas. E. Carpenter, or bearer, and states that it is for the balance of money due on book 32,371. The check is sign-

ed by the defendants' intestate individually.   On the trial the plaintiff's attorney called the present secretary of said institution—the witness Lattimer—whose connection with that institution commenced in 1893.   His evidence shows that all he knows about the transaction itself is that the books of the bank show the account from which he produced a transcript, which was offered and received in evidence without objection.   He also produced on the trial passbook No. 32,371, which was offered for identification, and was subsequently sought to be introduced in evidence, but was excluded by the court under the plaintiff's exception.   There is no evidence that the defendants' intestate herself deposited said fund, or that she ever received or was in possession of the passbook; and the case is barren of evidence tending to show that she intended to, or in fact ever did, create the trust suggested by the complaint.

It is held in Farleigh v. Cadman, 159 N. Y. 169, 53 N. E. 808, that "a gift, whether in the form of a trust or otherwise, always involves the intention of the donor."   I do not think there is anything in the present case which warrants this court in holding that the evidence introduced on the part of the plaintiff is sufficient to create an inference that a trust was ever intended by the defendants' intestate.   The evidence shows that she at times had several different accounts in the bank in different forms.   The evidence of the witness Lattimer shows that the persons in control of said institution, the clerks and bookkeepers thereof at that time, are either dead, or that the residences of those living are unknown to him, and that none of them have any present connection with the bank.

It is claimed by the plaintiff's attorney that the receipt of the transcript of the account furnished, and the subsequent drawing of the check by the decedent, are sufficient evidence that the deposits were made by the defendants' intestate, and that the trust was created by her.   The transcript of the account and the account itself are simply the declarations of the bank or its bookkeeper.   There is no explanation of how the deposits were made, by whom they were made, nor is there any evidence that the deceased ever had in her possession the passbook marked for identification, or ever saw the account.   To establish a trust in favor of a living person as against the deceased, the evidence should be clear and convincing, disclosing the intention to create a trust, or such circumstances should be pointed out as would clearly show the intention to create the trust.   Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Robinson v. Carpenter, 77 App. Div. 520, 79 N. Y. Supp. 283.

Nor do I think it can be inferred from the check introduced in evidence that such trust was created, or that the funds sought to be recovered ever passed into the possession of the deceased, or formed any part of her estate.   The check is made payable to Jas. E. Carpenter, and the body of the check is evidently written in some hand other than that of the deceased, and is indorsed "Jas. E. Carpenter," apparently in the handwriting of the person who drew the body of the check.   The only identification, and therefore the only evidence in the case that the check was drawn against this account, is a reference therein to the number of the passbook, and that the account was

81 N.Y.S.—22

closed on the 2d day of October, 1882. The check bears date July 2, 1882. The deceased was a widow, living at Park Avenue Hotel, in the city of New York, at the time of her death, and had been residing there for many years prior thereto. There is no evidence which identifies Carpenter, the indorser of the check. Presumptively, the fund went into his hands. There is no evidence that he turned it over to the deceased. If there is any declaration made by the deceased which serves any purpose, her signature to the check is a repudiation of the idea that she ever created a trust, or knew that one had been created; but, on the contrary, it remains a declaration that she did not so regard it, that it was never her intention to create a trust in favor of the plaintiff, and that the bank officers so understood that fact, and accepted her personal check.

I am aware that it has been held by the learned Appellate Division that, "when money is deposited in the name of the depositor in trust for another, even though the latter is not notified of such deposit, and the depositor keeps the passbook, the deposit creates an irrevocable trust in favor of the beneficiary, which trust cannot be defeated by the depositor afterward withdrawing the money." Jenkins v. Baker, 77 App. Div. 509, 78 N. Y. Supp. 1074. The facts in this case do not warrant the conclusion reached in that case, nor does the plaintiff bring the present action within that case. The burden of proof is upon the plaintiff, first, to show clearly the deposit, and the creation of the trust by the declaration of the depositor, not of the bank officers; second, that the fund so withdrawn by the depositor forms a part of the assets, and went into and forms a part of her estate. The evidence is clearly insufficient to show these facts, and while certain inferences, perhaps, may be properly drawn, those inferences in this case do not amount to evidence of the necessary facts to permit the plaintiff to recover. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, approved in Matter of Biggars, 39 Misc. Rep. 426, 80 N. Y. Supp. 214.

The evidence discloses that the alleged trust was not communicated to the plaintiff, and that he knew nothing about the deposit, until about the month of March, 1902—nearly 20 years after the money had been withdrawn. The defendants' intestate died on the 21st day of May, 1898. I do not think it is necessary to examine the defense of the statute of limitations. The complaint must, therefore, be dismissed, with costs.

Complaint dismissed, with costs.