(91 App. Div. 400.)

JENKINS v. BAKER.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. ACTIONS—APPEAL IN ANOTHER SUIT—STAY—APPELLATE DIVISION—DISCRETION.

The Appellate Division has jurisdiction not only to review the discretion exercised by the Special Term in staying proceedings in an action pending appeal in another suit, but has also power to exercise an independent discretion on such appeal.

2. SAME.

Where two actions are between different parties for different causes, and the determination of one will not dispose of the other, a stay of proceedings in the second action will not be granted pending the determination of an appeal in the first.

Appeal from Special Term, Kings County.

Action by David Jenkins against Henrietta L. Baker, as executrix of the estate of Emeline Jenkins, deceased, impleaded, etc. From an order staying proceedings until final decision of an appeal in another action, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Ira Leo Bamberger, for appellant.
James B. Sheehan, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered a judgment against the defendant Henrietta L. Baker individually for the sum of $758.34 and costs, from which judgment she has appealed to this court; but the case on appeal had not been settled at the time of the granting of the order herein appealed from. In this action the plaintiff seeks to recover from the defendants Horace S. Jenkins and the said Henrietta L. Baker, as executors of the last will and testament of Emeline Jenkins, deceased, the amount of an alleged account heretofore held in trust by the deceased for the plaintiff in a savings bank, less the sums which may be received by the plaintiff under that judgment. A stay of the proceedings of the plaintiff in this action has been granted until the decision by this court of the appeal from the judgment.

The moving papers disclose no ground for the granting of the stay,

and the learned counsel for the appellant cites no authority in support of it. It is alleged that the granting of the order is within the discretion of the Special Term, and that it is therefore not appealable. The cases cited have no application to the jurisdiction of this court where the discretion exercised by the Special Term is not only a proper subject of review, but where the disposition of an appeal from the Supreme Court may lawfully be governed by the exercise of an independent discretion on the review. The alleged ground for the granting of the relief obtained at the Special Term is set forth in the moving papers to be an assumed conflict between the decision of this court in Jenkins v. Baker, 77 App. Div. 509, 78 N. Y. Supp. 1074, and the case of Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641. Such a conflict, if it exist, is no valid ground for the staying of the plaintiff's proceedings; nor is there any warrant for such a stay to be found in the uncertainty of the law on any question, however unsettled the law and conflicting the decisions. The two actions brought by the plaintiff—the one in which the stay is granted and the one in which the appeal is pending—are between different parties, for different causes, and the determination of one will not dispose of the other. Whatever disposition may be made of the first case, this one must still be tried. A stay of proceedings in an action will not be granted on the ground that another prior action is pending, even where the prior action is between the same parties, and is in reference to tl ? same subject-matter, where it appears that, whatever be the result of the prior action, a trial of the second one will be necessary. Clark v. Vilas National Bank, 22 App. Div. 605, 48 N. Y. Supp. 192. See, also, Ogden v. Pioneer Iron Works (decided at this term) 86 N. Y. Supp. 955, and cases cited. The order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.