that act (Code, § 3192), except as modified by Code, §§ 3193, 3194. These latter do not affect the question before the court, viz. whether security is necessary to perfect such an appeal.    Section 1340 of the Code (amended, Laws 1895, p. 840, c. 946) provides for appeals (such as the present) from "inferior and local courts heretofore heard by the court of common pleas for the city and county of New York," etc., to the supreme court, after January 1, 1896; and the hearing and determination of such appeals is had at the appellate term.    Code, § 3191, subd. 1.    To perfect such an appeal, security is not required.    Code, § 1341.    Under former statutory conditions, security to perfect an appeal from a judgment of the city court of common pleas was held to be essential.    Carling v. Purcell, 3 Misc. Rep. 55, 22 N. Y. Supp. 558.    But by the amendment noted the call for such security was made to cease with the existence of that court, and with the beginning of the present appellate practice.

Motion denied, with $10 costs.

---

### HAUX et al. v. DRY DOCK SAV. INST. et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

TRUST—DEPOSIT IN BANK—INTENTION.

> A father deposited certain sums in a savings bank, "in trust for R., C., and H.," his children, and continued making other deposits to the same account for some twenty years, continuing after the death of each and all of such children. He also deposited a certain sum in his own name, in trust for W., his son, to whom he delivered the pass book, the son afterwards remaining in possession or control of the same. Before his death, when making his will, he stated that he had money deposited in such savings bank, though he had no account therein, except these alleged trust funds. *Held* insufficient to show a deposit in trust for such children.

Appeal from superior court of New York City, special term.

Action by William Haux, as executor, and Mina Haux, as executrix, of the will of William Haux, deceased, against the Dry Dock Savings Institution and others, to recover the amount of a deposit made by the testator in the defendant bank.    Judgment for plaintiffs, and defendants appeal.    Affirmed.

This action is brought to have the question adjudicated whether or not the several deposits made by the said William Haux, deceased, with the defendant the Dry Dock Savings Institution, constituted a trust or trusts, and also to have determined the rights and interests of all the parties to this action in the fund created by said deposits, and to have the defendant the Dry Dock Savings Institution ordered and directed to deliver said fund in accordance with the decision in the premises. On the 3d day of January, 1870, William Haux, deceased, the father of Rosa, Charles, and Henry Haux, deposited with the Dry Dock Savings Institution the sum of $10, "in trust for Rosa, Charles, and Henry Haux"; and subsequently and until April, 1892, the said William Haux, deceased, made other deposits, which at the time of his death amounted to the sum of $3,000. The evidence shows that all the alleged beneficiaries are dead; that they all died during the lifetime of William Haux, the father; and that before the death of any, after the

death of each and after the death of all, deposits were made to this account. It is also shown that the deposits in this account changed in nature and extent during the year 1886. Until that time the deposits were made up of the savings of the children of William Haux, including the savings of Mina and Katherine Haux, neither of whom is mentioned among the alleged beneficiaries. After and during 1886, the deposits were of much greater amounts, and these amounts were drawn from and comprised the entire profits of the business of William Haux, the father, and the interest drawn from the German Savings Bank. The evidence showed that William Haux had an account in his own name in the German Savings Bank; that it was his custom to deposit the profits of his business therein, and that he continued to do so until it reached the $3,000 limit; that subsequent to the time when this account reached $3,000, and subsequent to the payment to Rosa and Henry Haux of $100 each, William Haux began, in August, 1886, to make the large deposits of profits and interest in the Dry Dock Savings Institution above referred to. From 1870 until the death of William Haux, Sr., the pass books of this account in dispute always remained in his possession or subject to his control, and on one occasion he withdrew $197.36 from the account, thereby reducing the amount of money therein to the $3,000 limit. On the same day, in January, 1870, when the account in dispute was opened, William Haux opened another account in the same institution, "William Haux, in Trust for William Haux"; and the pass book of this account was delivered to William Haux, Jr., his son, and always remained in his possession or subject to his control. It was further shown that when William Haux, Sr., made arrangements to have his will drawn, he stated to Dr. Hillert that he had money deposited in the German Savings Bank and in the Dry Dock Savings Institution, and that William Haux, Sr., had no account in the Dry Dock Institution except this alleged trust fund.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. M. Hitchings, for appellants.
Joseph Rowan, for respondents.

PER CURIAM. The rule now established in this state is that whether or not a trust was created depends upon the intention of the donor at the time of the opening of the account and of the deposits made in the bank; and that question is a question of fact, to be determined in each particular case from the acts and declarations of the parties and the circumstances surrounding the transaction at the time of the performance of the several acts. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412. We think it clear in this case that there was evidence before the trial court to sustain his findings that there was no intention upon the part of the depositor to create a trust in respect to the balance remaining in bank at the time of his death, and that that finding should not be interfered with on appeal.

The judgment, therefore, should be affirmed, with costs.