(25 Misc. Rep. 140.)

## LEE v. KENNEDY.

(Supreme Court, Appellate Term. November 10, 1898.)

1. BANK DEPOSITS—TRUSTS—INTENTION OF DEPOSITOR.
    The use by a depositor in opening a bank account of his own name followed by the word "for" another person named, does not of itself create a trust, but the question is one of fact, depending on the intention of the depositor, as manifested by the acts and declarations of the parties and the circumstances surrounding the transactions.

2. SAME—EVIDENCE.
    On an issue whether defendant, in opening an account and making deposits in her name "for" another named as her niece, intended to create an irrevocable trust, defendant herself may testify as to her conversations with the bank officer on the opening of the account, as a part of the res gestæ.

3. SAME—QUALIFIED TRUSTS.
    Defendant opened an account in her own name "for" another named as her niece, and made subsequent deposits thereon. Defendant testified that when she opened the account she told the bank officer she wanted to put it in trust for her niece, but that the latter was not to get it until

after defendant's death, and not unless she remained with defendant. The niece left defendant's home before the deposit was withdrawn, and died shortly afterwards. *Held* that, assuming there was a trust, it was defeated by violations of the conditions on which it was created.

4. SAME—EFFECT OF EVIDENCE—INSTRUCTIONS.

Defendant opened a bank account in her own name "for" her niece. Defendant having afterwards withdrawn the deposit, the administratrix of the niece sued to recover its amount as money had and received by defendant for use of deceased, and at the trial introduced in evidence the bank account, and then rested. Defendant's evidence showed that the account was not opened nor subsequent deposits made by her with the intention to create an irrevocable trust in favor of the niece. Evidence was given in rebuttal to show that a part of the deposits were of the wages of the niece. *Held,* that it was not error, on the state of the proofs, to instruct that the evidence in rebuttal was material only as bearing on the probability of plaintiff's contention that the money was deposited without any condition.

Appeal from city court of New York, general term.

Action by Mary E. Lee, as administratrix of Annie T. Lee, against Ann Kennedy, to recover money had and received to the use of deceased. From a judgment of the general term (43 N. Y. Supp. 1157), affirming a judgment rendered in the same court for defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edward W. S. Johnston, for appellant.

Charles J. Patterson, for respondent.

BEEKMAN, P. J. On the 27th day of June, 1890, the defendant opened an account in the Emigrant Industrial Savings Bank under the title of "Ann Kennedy, for niece Ann Lee." On that day she deposited the sum of $300, and on three other occasions additional deposits were made by her, so that on July 1, 1893, when the account was closed, the total amount of such deposits was the sum of $1,400. The niece, Ann Lee, referred to in the title of the account, was plaintiff's intestate, who died on the 15th day of July, 1895, some two years after the closing of the account and the withdrawal by the defendant of the balance on deposit. The plaintiff, to whom letters of administration have been issued upon the estate of the deceased, has brought this action to recover the amount so deposited and withdrawn, upon a general allegation of money had and received by the defendant to the use of the said deceased. The defendant's answer was a general denial.

In support of her cause of action the plaintiff proved the account with the bank in the form above stated, its amount, and the withdrawal of the balance by defendant, who had retained the bank book in her possession, and then rested. Proofs were then offered on the part of defendant for the purpose of negativing any inference, which might legitimately be drawn from the form of the account, that she intended either to give the money to Ann Lee or to declare an unqualified trust in her favor with respect to the deposit.

It is well established, by a long line of decisions, that the use by a depositor, in describing an account opened by him, of his own name, followed by the words "for" or "in trust for" another, whom he names,

does not, of itself alone, create an irrevocable trust in favor of the latter, or support a claim that the beneficial interest in the deposit passed to the nominal beneficiary. Martin v. Funk, 75 N. Y. 134; Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 206; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940; Id., 137 N. Y. 59, 32 N. E. 998; Markey v. Markey (Com. Pl.) 13 N. Y. Supp. 725; Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412; Haux v. Institution, 2 App. Div. 165, 37 N. Y. Supp. 917. While it is held that the use of such words is consistent with an intention to make a gift or to create a trust, it is also well settled that the surrounding facts and circumstances, including the declarations of the depositor at the time of the deposit, may be given in evidence for the purpose of showing his actual intention, and that such intention, when ascertained, must prevail, although seemingly inconsistent with the natural import of the language used in entitling the account. No claim is made by the plaintiff that there was any intention on the part of the defendant to make a gift of the deposit to the plaintiff's intestate, although the title of the account would justify such an inference quite as much as that of a trust. Such a claim would have been hopeless, under the conceded facts of the case. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940. But the contention is that there was a trust, and that the defendant is now accountable to the plaintiff for the proceeds of the account on that theory. In Beaver v. Beaver, supra, which was the case of an alleged gift, Judge Andrews, giving the opinion of the court, says:

"It may justly be said that a deposit in a savings bank by one person of his own money to the credit of another is consistent with an intent on the part of the depositor to give the money to the other. But it does not, we think, of itself, without more, authorize an affirmative finding that the deposit was made with that intent, when the deposit was to a new account, unaccompanied by any declaration of intention, and the depositor received at the time a pass book, the possession and presentation of which, by the rules of the bank, known to the depositor, is made evidence of the right to draw the deposit."

Elsewhere in the same opinion he also says:

"We are inclined to think that to infer a gift from the form of the deposit alone would, in the great majority of cases, and especially when the deposit was of any considerable amount, impute an intention which never existed, and defeat the real purpose of the depositor."

In Cunningham v. Davenport, supra, Judge Bartlett, giving the opinion of the court, refers to the case of Beaver v. Beaver, and says (page 47):

"We think the reasoning of this opinion is equally applicable to a case presenting the question whether a trust is created by opening an account in the name of, or in trust for, a third party."

This case is peculiarly authoritative, for the reason that the court reviews the cases involving the principle under discussion which had been previously decided, and declares the doctrine established by them in part to be (page 47) that:

"The act of a depositor in opening an account in a savings bank in trust for a third party, the depositor retaining possession of the bank book and failing to notify the beneficiary, creates a trust, if the depositor dies before

the beneficiary, leaving the trust account open and unexplained. If the intent can. be strengthened by acts and declarations of the depositor in his lifetime, amounting to a publication of his intent, a more satisfactory case is made out; but it is not absolutely essential, in the absence of explanation, where he dies leaving the trust account existing."

Since this decision the appellate division in this department has given a broader generalization of the principle in the following language:

"The rule now established in this state is that whether or not a trust was created depends upon the intention of the donor at the time of the opening of the account and of the deposits made in the bank, and that question is a question of fact, to be determined in each particular case from the acts and declarations of the parties, and the circumstances surrounding the transactions at the time of the performance of the several acts." Haux v. Institution, 2 App. Div. 165, 37 N. Y. Supp. 917, affirmed 154 N. Y. 736, 49 N. E. 1097.

It is thus well established that, notwithstanding the declarations contained in the pass book that the deposit is "in trust" for another, the depositor may still show that there was no trust intended or created.

In the case at bar, upon the close of plaintiff's proofs, the defendant, testifying in her own behalf, stated what took place at the time of the deposit, which can best be given by the following extract from the record:

"Q. What did he [the bank officer] say as to how you were to put it in, in order to do that thing? A. I just told him I was to put it in in trust for the girl. Q. The Court: And then what did he say? A. He said, 'All right;' and I said, 'She is not to get this until after my death, and unless she remains with me she won't get it.' I made use of those words. Q. And what did he say to that? A. He said that was all right, and he took the money, and gave me a book."

The counsel for the plaintiff objected to the competency of this evidence, and the soundness of the ruling of the trial justice in admitting it is now before us for review. We have no doubt of its admissibility. It was part of the res gestæ. It characterized the act, and illustrated the intention with which it was done. The counsel for the plaintiff seems to think that there is a difference between allowing the defendant to testify to what she said and permitting some one else to do so. We confess that we are unable to distinguish between the two cases. What she then said was a relevant fact, and she was as competent to testify to it as any one else who might have heard it. There may be a distinction with respect to the weight of the evidence, founded on the interest of the defendant, but none with respect to its competency. Indeed, in the case of Cunningham v. Davenport, the plaintiff, who was the depositor, was allowed to testify that he never intended to create any trust, although the deposit was made by him "in trust for" his brother, and the competency of the evidence seems to have been assumed by the court, who treated it as a relevant fact, properly proven.

The testimony of the defendant, then, with respect to what took place between herself and the bank, was properly admitted, and, as the jury found a verdict in her favor, it must be accepted here as unimpeachable. How, then, can the plaintiff hope to succeed upon

such a state of facts? There was no immediate, irrevocable trust created which gave the plaintiff's intestate a present vested beneficial interest in the fund in question. She was to have the money covered by the account, provided she continued to live with the defendant and in case she survived the latter. The evidence shows that neither condition has been satisfied. She left the defendant's house and care some time before the money was drawn from the bank, and is now deceased. So that, assuming that there was a trust, it was of a qualified nature, and was defeated by a failure of the conditions upon which it was limited.

There was some evidence elicited by the plaintiff in rebuttal tending to show that the defendant received the wages of the plaintiff's intestate, who was a minor, and deposited them in the account. The proof with respect to the amount so received and deposited was quite indefinite. The defendant denied the claim, and asserted that the deposits she made came from her own earnings and those of her husband. But, however this may be, we think the trial justice was right upon the proofs in instructing the jury, as he did, that the evidence given on this point was material only "as bearing upon the probability of the plaintiff's contention that the money was deposited without any condition." It must be borne in mind that the plaintiff, when she put in evidence the bank account and then rested, expressed, in a concrete and particular form, the theory on which she based her general claim to recover for money had and received. It rested upon what she supposed to be a necessary implication of a trust in favor of her intestate arising out of the form of the account. Whether such a trust had been created or not then became the only issue in the case, and the evidence with respect to earnings was material only in its relation to that question. The action was not brought to recover from the defendant the child's earnings which she had received. Even if it had been, it might well be doubted whether there could be a recovery on that ground, as the defendant seems to have stood in loco parentis towards the child, supporting and caring for her, and there is authority for the position that a person assuming and performing the duties of a parent towards an infant is as much entitled to the child's earnings as would be its parent by nature. Williams v. Hutchinson, 3 N. Y. 312, 321.

We have considered the other exceptions in the case, but do not think that they present cause for a reversal of the judgment. The judgment for the defendant rendered upon the verdict in her favor was right, and should be affirmed.

Judgment affirmed, with costs. All concur.