(29 Misc. Rep. 700.)

## HARRISON v. TOTTEN.

(Supreme Court, Trial Term, New York County. December, 1899.)

TRUSTS—DEPOSITS IN BANK.

    A deposit in a bank in the name of the depositor, reciting that it is in trust for another, does not create an irrevocable trust in favor of the latter, when he was never informed of the opening of the account, and the bank book and the right to draw and use the money were retained by the depositor until her death.

Action by Rosalind Harrison against William A. B. Totten, temporary administrator. Complaint dismissed.

C. G. Patterson, for plaintiff.

Gratz Nathan and F. W. Judge, for defendant.

McADAM, J. Assuming, as the court will, that the evidence produced by the plaintiff is true, the following findings and conclusions are made:

1. That the name of Florence Harrison, used in making the deposit with the Institution for the Savings of Merchants' Clerks, was not intended to represent Rosalind Harrison, the plaintiff.

2. That, under the adjudicated cases, no irrevocable trust was created in favor of the plaintiff in the other accounts in which her name was used. As the court said in Lee v. Kennedy, 25 Misc. Rep. 140, 54 N. Y. Supp. 155:

"It is well established by a long line of decisions that the use by a depositor, in describing an account opened by him, of his own name, followed by the words 'for,' or 'in trust for,' another, whom he names, does not, of itself alone, create an irrevocable trust in favor of the latter, or support a claim that the beneficial interest in the deposit passed to the nominal beneficiary. Martin v. Funk, 75 N. Y. 134; Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 206; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403; Id., 137 N. Y. 59, 32 N. E. 998; Markey v. Markey (Com. Pl.) 13 N. Y. Supp. 925; Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373; Haux v. Institution, 2 App. Div. 165, 37 N. Y. Supp. 917, affirmed in 154 N. Y. 736, 49 N. E. 1097."

The plaintiff did not accompany the decedent when the latter opened the accounts, and was never informed of the opening thereof; and the books were found among the effects of the decedent after her death, showing that she had retained them in her own custody. The right to draw and use the money was always retained by the decedent, and passed to her personal representatives on her death. This demonstrates the absence of any title in the plaintiff to the bank books or the money represented by them, and defeats the action. This result makes it unnecessary to pass upon the technical objection urged by the defendant,—that he, as temporary administrator, is not subject to the action. The plaintiff's complaint must be dismissed.

Complaint dismissed.