Where a wife deposits her own money in trust for her husband, but retains the savings book, and never informs him of such deposit, and testifies that she never intended he should have the money unless he survived her, and draws it out after his death, his administrators can enforce no trust as to the money.

2. ADMINISTRATORS—ACCOUNTING.

Administrators of one estate should not make separate accountings.

3. SAME—DISTRIBUTION.

Where, on an accounting by one administrator, the parties stipulated that the other administrator should also account in the same proceeding, and thereupon the proceedings were consolidated, a distribution was properly ordered to be made by both administrators.

In the matter of the estate of Patrick J. Smith, deceased. Proceedings upon the settlement of the administrators' account. Decree rendered.

Isaac N. Miller, for administratrix.

Dunphy & Pearsall, for administrator.

THOMAS, S. The proceeding to settle the accounts of the administratrix was first commenced, and an order of reference was made to Mr. John A. Foley as referee. It became quite apparent to the parties that no final adjudication upon the rights of persons interested in the fund could be made without an account also being had by the administrator. Thereupon, without any order of a surrogate, but on the agreement of the parties, the account of the administrator was filed with the referee. Objections were also filed with him. A stipulation was made that the two accountings be consolidated, and evidence was taken, with the acquiescence of all concerned, as if there was one consolidated proceeding which included both accounts. At the end of the hearing the referee suggested that this method of procedure might be irregular, and a due formal proceeding for the accounting by the administrator was thereafter commenced. Objections were filed, and an order of reference to the same referee was made, on the motion of the attorney for the administrator, which included a provision "that the testimony already taken stands as the testimony of the parties to said accounting."

The brief submitted to me by the attorney for the administrator on the argument of this application to confirm the report of the referee is a copy of the brief submitted by him to the referee, and

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. § 1988.

is entitled "In the matter of the judicial settlement of the accounts. of Ellen M. Smith and John P. Smith as coadministrators of the es-- tate of Patrick J. Smith, deceased." No request is to be found in the document to treat the two proceedings separately. The referee made one report, entitled in both proceedings, but carefully sep- arated the findings on issues of fact raised in each of them. There is. not the slightest confusion, and, if justice required, two reports could. easily be made of the one without any material change.

In the face of these facts the first objection of the administrator is that there should be two reports. The method pursued by the referee was in conformity with the stipulation and understanding. of the parties. He has duly reported on every issue raised in each of the proceedings, and I decline to set aside his whole report because he has embodied his conclusions in one document, rather than in two. It is quite obvious that the two proceedings should end in a single decree, in order to avoid great confusion. I will, therefore, pursuant. to section 2727 of the Code of Civil Procedure, and on my own mo- tion, order that the proceedings be consolidated.

The referee recommends a decree that the entire assets of the estate in the hands of the administrator be paid over by him to the administratrix, to be by her distributed among the persons en- titled. Such a provision would tend towards simplicity in the terms of the decree, and possibly make its method of enforcement clearer, but it would amount to a removal of the administrator in a proceed- ing brought for an entirely different purpose, in which no prayer for his removal is to be found, and without adequate cause for such re- moval. The exceptions pointed to this recommendation must be sustained, and the decree for final distribution must direct payment by both administrators, out of the assets in their hands, to the persons ultimately entitled.

The savings bank deposits made by and in the name of Ellen M. Smith, now the widow and administratrix, "in trust for Patrick J. Smith," were of her own money. She retained the bankbook at all times, and since the death of her husband she has withdrawn the money, and used part of it for her support. There is no evidence that she ever informed her husband of the account, or that he had any knowledge of it. Mrs. Smith testified that at the time of opening the account and of making the deposits it was her intent that her husband should have the money only if he survived her. On these facts her title to the money is sustained by the referee and is challenged by the administrator. If Mrs. Smith had died before her husband, leaving. the account open and unexplained, the form in which the deposit was. made would have raised a presumption of an intent on her part to bind the money by a trust in his favor, and, in the absence of evidence to the contrary, such trust would have been deemed established as an irrevocable transfer of an interest to him. Martin v. Funk, 75. N. Y. 134, 31 Am. Rep. 446; Willis v. Smyth, 91 N. Y. 297; Grafing v. Heilmann, 1 App. Div. 260, 37 N. Y. Supp. 253, affirmed 153 N. Y. 673, 48 N. E. 1104; Decker v. Union Dime Savings Inst., 15 App. Div. 553, 44 N. Y. Supp. 521; Williams v. Brooklyn Savings Bank, 51 App. Div. 332, 64 N. Y. Supp. 1021; Harrison v. Totten, 53 App.

Div. 178, 65 N. Y. Supp. 725; Robertson v. McCarty, 54 App. Div. 103, 66 N. Y. Supp. 327; Scallan v. Brooks, 54 App. Div. 248, 66 N. Y. Supp. 591; Meislahn v. Meislahn, 56 App. Div. 566, 67 N. Y. Supp. 480; Hyde v. Kitchen, 69 Hun, 280, 23 N. Y. Supp. 573; Millard v. Clark, 80 Hun, 141, 29 N. Y. Supp. 1012; Matter of Biggars' Will, 39 Misc. Rep. 426, 80 N. Y. Supp. 214.  The presumption of intent to create a trust would suffice to establish a prima facie case, but it would be subject to contradiction by proof of surrounding circumstances, or of the acts and declarations of the depositor forming part of the res gestæ, or declarations of the beneficiary against his interest, tending to show that, at the time of the deposit, such interest did not exist.  Washington v. Bank for Savings, 171 N. Y. 166, 63 N. E. 831, affirming 65 App. Div. 338, 72 N. Y. Supp. 752 (the beneficiary was fictitious); Matter of Mueller, 15 App. Div. 67, 44 N. Y. Supp. 280 (declarations of beneficiary against interest); Decker v. Union Dime Savings Inst., 15 App. Div. 553, 44 N. Y. Supp. 521; Meislahn v. Meislahn, 56 App. Div. 566, 67 N. Y. Supp. 480.  The drafts made by Mrs. Smith would, in such a case, have been regarded not as evidence bearing on the intent with which the money was deposited, but as showing a change of purpose, and an intent to convert the property of another to her own use, and her personal representatives would be required to restore the money.  Mabie v. Bailey, 95 N. Y. 206 (some proof of affirmative declarations in this case); Farleigh v. Cadman, 159 N. Y. 169, 53 N. E. 808, modifying 11 App. Div. 628, 41 N. Y. Supp. 981 (the evidence of intent was clear, and the findings of fact were binding upon the court); Robertson v. McCarty, 54 App. Div. 103, 66 N. Y. Supp. 327; Robinson v. Appleby, 69 App. Div. 509, 75 N. Y. Supp. 1; Hutton v. Smith, 74 App. Div. 284, 77 N. Y. Supp. 523 (there were explicit declarations of the depositor showing the intent in making the deposit).  In each and every of the cases above cited the depositor died before the beneficiary, and the controversy arose between the beneficiary, or his legal representative, and the legal representative of the depositor.  In at least two cases it was determined that the presumption from the continued possession of the passbook by the depositor, with its attendant power of control, was that the trust period terminated only with the life of the depositor, and that no right of action accrued to the beneficiary until the death of the depositor.  Mabie v. Bailey, 95 N. Y. 206, 212; Hutton v. Smith, 74 App. Div. 284, 291, 77 N. Y. Supp. 523.

After a careful search I have been able to find only three cases in which it has been attempted to require the person making such a deposit to recognize in his lifetime a right in such beneficiary.  In Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, a deposit was made of his own money by one brother in trust for another.  The pass book was kept by the depositor.  The beneficiary died, and the depositor withdrew the fund, and converted it to his own use.  In an action brought against the depositor by the legal representative of the beneficiary to recover the money, the depositor testified that in making the deposit he did not intend to benefit his brother or his brother's representatives.  The relief was denied, and the court said:

"We have here a case of a man who takes his own money, and deposits it to his own credit, in trust for another, making no disclosure or publica·tion of the trust, treating it apparently as a mode of transacting his own business, and then survives the proposed beneficiary. We are of opinion that such a transaction does not create a trust."

It will be observed that the fact that the depositor denied under oath that he had an intent to create a trust was not treated as a necessary part of his defense; and in a somewhat similar case, where the depositor died before the commencement of the action, but after the beneficiary, and after the conversion of the fund, and there was no direct proof of intent, the same result was reached. Haux v. Dry Dock Savings Inst., 2 App. Div. 165, 37 N. Y. Supp. 917, affirmed 154 N. Y. 736, 49 N. E. 1097.

In Lee v. Kennedy, 25 Misc. Rep. 140, 54 N. Y. Supp. 155, affirming 19 Misc. Rep. 352, 43 N. Y. Supp. 1157, a deposit was made in trust for a niece, who subsequently displeased the depositor, and the money was drawn out. An action was commenced against the depositor, who testified to declarations made to a clerk of the bank at the time of the deposit to the effect that "she is not to get it until after my death, and, unless she remains with me, she won't get it." It was held by the Appellate Term, Beekman, J., writing, that there was no enforceable trust.

In Weber v. Weber, 58 How. Prac. 255, a father had deposited his own money in four accounts, in trust for each of his four children. Family difficulties ensued. He withdrew the money, and the action was against him. He testified that at the time of the deposits he stated to the bank clerk that it was his money; that he had no objection to his children having it after his death; but that he wanted to control it as long as he lived; and that he was told by the clerk that it was his money, and that he could get more interest by depositing in that way. It was held by Van Vorst, J., that there was no trust.

On these authorities I conclude that the decision of the referee was as technically correct as it is obviously equitable and just.

In all particulars not specially covered by this memorandum the very careful and satisfactory report of the referee is confirmed. Tax costs and settle decree on notice.

Decreed accordingly.