(36 Misc. Rep. 55.)

JENKINS v. BAKER et al.

(Supreme Court, Special Term, Kings County. October, 1901.)

DEPOSIT IN SAVINGS BANK—TRUST.

     A wife opened an account in a savings bank in her own name, in trust for her husband, and before her death drew out the whole amount. There was no evidence that she ever informed her husband of the account, or made any declaration in regard to it. *Held* insufficient to show that she intended to create a trust therein for his benefit.

Action by David Jenkins against Henrietta L. Baker and others to recover money given to defendant Baker by her mother, now deceased, and have it declared a trust fund to be paid over to plaintiff. Decision for defendants, and plaintiff moved for a new trial. Denied.

Ira Leo Bamberger, for plaintiff.
James B. Sheehan, for defendants.

GAYNOR, J. I was not satisfied with the decision which I heretofore filed, but do not see how I can change it.

The wife of the plaintiff opened an account in a savings bank in her own name in trust for him in October, 1899, and deposited to the said account sums which with interest aggregated $1,397.56. In May, 1900, she drew out all of the said account, and gave $650 thereof to her daughter, the defendant. She died in July, 1900, and this suit was begun afterwards. She never made such account known to her husband, or made any declaration in respect of it. The naked facts of opening such account and depositing and drawing out the money, is all that we have.

My view on the trial was that the fact of opening the account in trust was in and of itself a declaration of trust, and evidence sufficient to prove a trust in favor of the husband, and that therefore a finding of fact that such trust was created had to be made unless the defendant introduced evidence showing that the deceased wife did not intend to create such a trust, but opened the account in such form for some reason of convenience, or purpose other than to form a trust; and no such evidence was introduced.

But the opinion in the recent case of Cunningham v. Davenport,

147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, in our highest court prevented me from adhering to that view and so deciding. Such opinion is very explicit that the fact of opening such a trust account is equivocal, i. e., no more consistent with the creation of a trust than with some other purpose on the part of the depositor, and that therefore a finding of fact thereon that a trust was created cannot be made, unless the depositor has died leaving the account existing. How such fact of death can be in any way probative of the depositor's intent at the time of opening the account is not explained. The present case is barren of such fact, the depositor having drawn out the money and closed the account before she died.

In Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531, the depositor deposited the money not in his own name in trust for another, but actually in the name of another, and the questions were whether a trust, and if not whether a gift, could be found as matter of fact from the fact of the deposit alone. Having pointed out that there was no trust, the opinion says:

"It may be justly said that a deposit in a savings bank by one person, of his own money to the credit of another, is consistent with an intent on the part of the depositor to give the money to the other. But it does not, we think, of itself, without more, authorize an affirmative finding that the deposit was made with that intent, when the deposit was to a new account, unaccompanied by any declaration of intention, and the depositor received at the time a passbook, the possession and presentation of which, by the rules of the bank, known to the depositor, is made the evidence of the right to draw the deposit. We cannot close our eyes to the well-known practice of persons depositing in savings banks money to the credit of real or fictitious persons, with no intention of divesting themselves of ownership. It is attributable to various reasons; reasons connected with taxation; rules of the bank limiting the amount which any one individual may keep on deposit; the desire to obtain high rates of interest where there is discrimination based on the amount of deposits, and the desire, on the part of many persons, to veil or conceal from others knowledge of their pecuniary condition. In most cases where a deposit of this character is made as a gift, there are contemporaneous facts or subsequent declarations by which the intention can be established, independently of the form of the deposit. We are inclined to think that to infer a gift from the form of the deposit alone would, in the great majority of cases, and especially where the deposit was of any considerable amount, impute an intention which never existed and defeat the real purpose of the depositor."

In the said case of Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, where the question was one of trust, pure and simple, the deposit having been made in trust, the opinion quotes the foregoing extract and then says:

"We think the reasoning of this opinion is equally applicable to a case presenting the question whether a trust is created by opening an account in the name of, or in trust for, a third party."

This is a clear statement that the reasoning that a deposit by one person of his own money in the name of another, does not "of itself, without more, authorize an affirmative finding" that the deposit was meant as a gift, "is equally applicable to a case

presenting the question whether a trust is created by opening an account in the name of, or in trust for, a third party."

The opinion therefore proceeds to clearly and decisively limit the previous decisions of the court as follows:

"The doctrine laid down by this court in the previous cases amounts to this, that the act of a depositor in opening an account in a savings bank in trust for a third party, the depositor retaining possession of the bank book and failing to notify the beneficiary, creates a trust if the depositor dies before the beneficiary, leaving the trust account open and unexplained."

And this is afterwards reiterated, viz.:

"If the intent can be strengthened by acts and declarations of the depositor in his lifetime amounting to publication of his intent a more satisfactory case is made out, but it is not absolutely essential, in the absence of explanation, where he dies leaving the trust account existing."

And again:

"We have presented here the case of a man who takes his own money and deposits it to his own credit in trust for another, making no disclosure or publication of the trust, treating it apparently as a mode of transacting his own business, and then survives the proposed beneficiary."

An examination of the previous cases shows that none of them made any such limitation on the probative force of "the act of a depositor in opening an account in a savings bank in trust for a third party"; none of them limited the finding of the fact of a trust from such act to a case where "the depositor dies before the beneficiary, leaving the trust account open and unexplained."

On the contrary, they had been understood to decide that such act of opening the trust account alone is sufficient for the trial court, whether the depositor be dead or alive, to make a finding of fact that the trust was created; and that such finding is to be made therefrom unless the defendant shows acts or declarations of the depositor, not occurring afterwards, but cotemporaneous with the opening of the account, and part of the res gestæ, i. e., of the opening of the account, proving that he did not intend to create a trust.

It is not apparent how the matter of the depositor being dead or living can possibly be of any probative force whatever on the question whether he created a trust at the time of opening the account. How can it be? And if he created a trust, neither his dying nor his living can revoke or change it. The fact of death seems wholly unimportant.

And it does not seem that the subsequent act of the depositor in drawing out the money can possibly be evidence that he created no trust; on the contrary, it is only evidence of a breach of trust.

Nor is the fact of the depositor keeping possession of the bank book any evidence on the question; for who else but the trustee would keep the bank book? Nor is the failure of the trustee to notify the beneficiary of any probative force on the question, for the trust can just as well exist without such notification.

But it cannot be assumed by a trial judge otherwise than that the opinion in the Cunningham Case makes an exact and scientific use of language, and means what it says. It cannot be treated

as meaningless; it is too precise. It was written for the guidance of trial judges and must be accepted by them. It does not go to the trouble of categorically mentioning the facts of the depositor (1) keeping possession of the bank book, (2) and not notifying the beneficiary of the existence of the trust, as limiting the probative force of the fact of the opening of the trust account, and the fact of the depositor dying leaving the trust account open and unexplained, as enlarging such probative force, without meaning something. Why are these things mentioned at all unless to fully state the rule for the guidance of the lower courts? If they have no bearing why are they brought in? If the court considered the rule to be that the mere fact of the opening of the trust account was evidence from which a finding of fact could be made that a trust was created, it would no doubt have said so, and not added these additional things as relevant and modifying facts. The opinion in this respect is exactly in point on the question being then discussed, and cannot be passed by as obiter. It professes to limit previous decisions as applicable to the case then in hand, and must be accepted as doing so, for otherwise it is meaningless. The plaintiff must seek for relief from it by appeal.

The motion is denied.