(44 Misc. Rep. 116.)

### LATTAN et al. v. TOTTEN et al.

(Supreme Court, Special Term, Kings County.    June, 1904.)

**1. TRUST—VALIDITY—LIABILITY OF TRUSTEES.**

Where a father deposited money in a savings bank in the names of his two sisters as trustees for his daughters, and gave the passbooks to the sisters, it created a valid trust; and where the trustees subsequently drew the money and gave it to the father it created a valid claim on behalf of the beneficiaries against the estates of the sisters.

**2. SAME—EVIDENCE.**

Where a father placed certain bank stock in the names of trustees in trust for his daughters, it created a trust in favor of such daughters as to such stock.

Action by Emile R. Lattan and others against William H. B. Totten and others to recover certain trust funds in the hands of defendant. Judgment for plaintiffs.

Reuben L. Maynard, for plaintiffs.

George Richards and Benjamin F. Tracy, for defendants.

GAYNOR, J. Whether the fact of a person opening a trust account in a bank for another in his own name as trustee suffices in and of itself to enable a trial court to make a finding of fact that a trust was created, is certainly open to doubt in view of the largeness of the language in the opinions in Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641, and Beaver v. Beaver, 117 N. Y. 430, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. I have heretofore considered the matter in Jenkins v. Baker, 36 Misc. Rep. 55, 72 N. Y. Supp. 546. The later case of Farleigh v. Cadman, 159 N. Y. 169, 53 N. E. 808, does not seem to do away with the difficulty of these two opinions at all, it seems to me, as was supposed on appeal in Jenkins v. Baker, 77 App. Div. 509, 78 N. Y. Supp. 1074, for

in that case the finding of fact was not made on the mere fact of the opening of the account, but on conclusive additional evidence.

But in this case the trust accounts were not opened in the name of the depositor, but in the name of his two sisters to whom the deposit books were delivered. The deposits were made by the father of the plaintiffs in the name of such trustees in trust for the plaintiffs. The trustees from time to time drew out the money and apparently let the father have it. The defendants claim that this fact shows that there was in fact no trust created, but that there were only the forms and appearances of a trust. It seems to me otherwise. The placing of the money in the name of the trustees in trust for the plaintiffs was an unequivocal declaration of trust. It put the fund out of the control of the father. If the trust was for the father it would have been so expressed. The express declaration of a trust for the plaintiffs excluded the idea of a trust for the father instead.

And the placing of the bank stock in trust for the plaintiffs in the name of the same trustees was clearly the creation of a trust in respect of it. The act was in no way equivocal on the question of forming a trust.

People are in the habit of depositing money in their own names in trust for their children or other dependents for the purpose of convenience in keeping separate accounts of expenditures, or of opening several of such trust accounts in savings banks to get around the rule of such banks that they will pay interest on accounts only up to a limited amount of deposit. Hence, the fact of the opening of such an account may be equivocal, and therefore not in and of itself probative on the question of intention to form a trust; but the present is not such a case.

The administrator of the estate of one of the deceased trustees has not defended, although he answered. The administrator of the estate of the other claims in her answer that if she is liable herein she is entitled to an accounting with the estate of the father, who was made a defendant, and is now represented herein by his administrator, and to have judgment against such estate for such an amount of the said trust funds as shall be found to have been paid to the father. But that issue is not germane to the issue presented by the plaintiffs, and therefore it cannot be tried here, and their case embarrassed and delayed by it.

Judgment for the plaintiffs.