(20 App. Div. 44.)

## PROSEUS v. PORTER.

(Supreme Court, Appellate Division, Second Department. July 13, 1897)

1. DECLARATION OF TRUST—SUFFICIENCY.

The act of a party, in changing an account in a savings bank from her own name individually to her name as trustee for another, accompanied by the delivery of the savings bank book to the person named as beneficiary, is sufficient as a declaration of trust to create a valid trust in favor of such beneficiary, notwithstanding the trustee afterwards draws money from the account and deposits money therein.

2. GIFT—EVIDENCE OF CONDITIONS.

A statement, in connection with an alleged gift of a savings bank account, that the donor puts the money in for the donee "in case anything happens to" the donor, who is about to make a long voyage, does not necessarily show the gift to be conditional upon the donor's not returning.

Appeal from special term, Westchester county.

Action by Joseph L. Proseus, as executor of Esther Proseus, deceased, against Charlotte Porter. From a judgment in favor of the defendant after a trial to the court, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James M. Hunt, for appellant.
John H. Ferguson, for respondent.

WILLARD BARTLETT, J. This case has been twice tried,— once before Mr. Justice Dykman and a jury, when the jury disagreed; and the second time before Mr. Justice Keogh, at the Westchester special term, when no witnesses were called, but the evidence was read by consent from the stenographer's minutes of the previous trial. The stipulation under which this was done makes the few exceptions in the record to rulings upon the admission of evidence unavailable to the appellant; so that the only question for this court is whether the appellant is right in his contention that the judgment should be reversed upon the facts. In considering this question, we are mindful of the circumstance that the case was presented to the trial court just as it comes before us, and that the learned judge did not have the advantage of seeing and hearing the witnesses. Nevertheless, we have reached the conclusion that his judgment is well supported by the proof. The plaintiff brings the action as the executor of his wife, to recover certain moneys which were deposited

by her in a savings bank, but which have been obtained since the death of Mrs. Proseus by her sister, Charlotte Porter, the defendant. The trial court decided that at the time when Mrs. Proseus died these moneys did not belong to her, but were the property of her sister. There were two accounts in the savings bank. One of these was opened in 1885 in the name of "Charlotte Porter, or Esther A. Proseus," and is deemed to have been the subject of a gift to Mrs. Porter by Mrs. Proseus, in 1888, when the latter was about departing from this country on a trip to Europe. Mrs. Porter thereafter drew money from the account, and appears to have retained continuous possession of the bank book. The other account was opened by Mrs. Proseus in her individual name, in 1874, but in 1888 was changed to "Esther A. Proseus, in trust for Charlotte Porter," upon the written request of Mrs. Proseus, signed shortly before she sailed for Europe. In the view of the learned trial judge, this act constituted a declaration of trust, which was effective to create a valid trust in favor of Mrs. Porter, in whose possession, also, the bank book containing this second account was found after the death of Mrs. Proseus. To show that the alleged gift of the first account was conditional, the plaintiff put in evidence a letter from the defendant, written shortly after the death of Mrs. Proseus, in which Mrs. Porter said: "Just before she went to Europe the last time, Mrs. Proseus made me go to the bank with her, and then she put money in for me. In case anything happened to her, the money to be mine, and no one could take it from me." By reason of the safe return of Mrs. Proseus from Europe, it is argued that the conditional gift became no gift at all. I think, however, that the passage quoted and the other statements made by Mrs. Proseus indicate not so much an intention that her sister was only to have the money in the event that the traveler did not return, but rather that her apprehension that she might not come back led her to make permanent provision for Mrs. Porter at that time. In respect to the second account, it appears that after Mrs. Proseus returned from Europe she drew money therefrom, and deposited money therein; and it is insisted that this conduct on her part is inconsistent with an intention to create a trust for Mrs. Porter. Undoubtedly, these acts tend to disprove a trust, but they are by no means conclusive. A trust may be established by a depositor who opens a savings bank account, expressed to be in trust for another, but himself retains the bank book without ever notifying the beneficiary, and dies before the latter, leaving the account open, and without anything further to explain the character. Cunningham v. Davenport, 147 N. Y. 43, 47, 41 N. E. 413. It is said in the case cited:

"If the intent can be strengthened by acts and declarations of the depositor in his lifetime, amounting to a publication of his intent, a more satisfactory case is made out, but it is not absolutely essential, in the absence of explanation, where he dies leaving the trust account existing."

In the case at bar the proof is sufficient to make out a trust, under the rule thus laid down, as to the money which remained in the account at the time of the death of Mrs. Proseus. Indeed, it goes further than is positively requisite, for here the depositor did not keep the bank book, but intrusted it to the custody of the beneficiary, who

also appears to have been given to understand that she had an interest in the fund, although she may not have comprehended just what were her legal rights in the premises until the controversy arose in respect to the deposits which is the subject of the present litigation. The view that Mrs. Proseus intended to transfer these deposits so that they would be beneficially available to her sister is strengthened by the language of the will of Mrs. Proseus, and by the testimony of her husband as to what occurred at the time when the will was executed. Mention is made in the will of a lot of land on Highland avenue, in Yonkers, belonging to the testatrix, but standing in the name of her sister, Charlotte Porter (the defendant); and the testatrix requests her sister at once to convey her apparent interest in this lot to Joseph L. Proseus (the husband of testatrix), inasmuch as her sister "has but a nominal interest in the said property, for which no consideration was given." With this testamentary request the defendant has complied. If, in addition to this real property, to which her title was only nominal, Mrs. Porter was also holding the bank books without any beneficial interest in the accounts, it is exceedingly improbable that the testatrix would have omitted to mention that fact to her husband, who drew the will. Yet nothing appears to have been said about any money in the savings bank, although the business in hand was the testamentary disposition of all the property of the wife. I regard this omission as strongly indicative of a belief on her part that she had already effectually disposed of this money. By her will, nearly all her estate, valued at $25,000, went to her husband, and the provision which it made for her sister (the interest on $500 for life) would have seemed disproportionately small if Mrs. Porter was not entitled to the deposits evidenced by the bank books in her possession. It cannot be denied that if Mr. and Mrs. Porter used the language which the plaintiff attributes to them in the interviews which took place after the death of Mrs. Proseus, there would be reason to doubt the good faith of the defendant's claim; but the plaintiff is contradicted by them in regard to the essential particulars of these interviews, and it cannot be said that he has sustained the burden of proof or established his version by a preponderance of evidence.

On the whole, I think the judgment should be affirmed. All concur.