BOARD OF DOMESTIC MISSIONS OF THE REFORMED CHURCH IN
AMERICA v. MECHANICS' SAV. BANK OF FISHKILL
ON HUDSON et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

EXPRESS TRUSTS—DEPOSITS IN BANK—EVIDENCE.

> Where a person, anticipating a fatal result from an operation about to
> be performed, had her funds in bank deposited in trust for a society, and
> an entry to that effect was made in her books of deposit and in the bank
> books,—she having retained her books, but having given directions that
> would result in their being placed in the custody of the bank for delivery
> to the society,—her intent accompanied her acts, and the title to the funds
> vested in the society, regardless of the nonexecution of an order to the
> bank to transfer the same, and a provision in the bank book requiring the
> drawer of money to present an order signed by the owner, if the book
> is not presented.

Appeal from special term, Orange county.

Action by the Board of Domestic Missions of the Reformed
Church in America against the Mechanics' Savings Bank of Fish-
kill on Hudson, N. Y., and James E. Dean, as executor, etc., of
Eliza Ann Crowther, deceased. From a judgment in favor of
plaintiff (54 N. Y. Supp. 28), defendant Dean appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Milton A. Fowler, for appellant.
H. D. Van Orden, for respondent.

HATCH, J. Under the authorities and the findings of the court
below, I am unable to see any basis upon which this judgment
can be disturbed. The evidence clearly shows that the deceased,
in anticipation of a fatal result attending upon the operation
which she was about to undergo, applied to the officer of the bank
to have the fund represented in the books deposited in trust for the
plaintiff. This was done, and an entry to that effect made in the
book of deposit, and also in the books of the bank. While she
retained the custody of the bank books, yet she made such di-
rection as to their disposition as would place them in the custody
of the bank, evidently for delivery to the cestui que trust. Such
acts upon her part had the effect of changing the title to the
money, and vesting it in the cestui que trust. As the court has
found, and the evidence warrants such finding, the intent accom-
panied the act; and within the authorities relied upon by the
defendant, of Proseus v. Porter, 20 App. Div. 44, 46 N. Y. Supp.
656, and Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, the finding
of the court below is clearly sustained. Nor do we think that the
statement of the officer of the bank that he would prepare an
order for the transfer of the accounts sufficient to defeat the pass-
ing of title to the money. Such order was evidently for the pro-
tection of the bank, and, had it been in fact executed, there would
have been no further change in the accounts themselves, either
in the pass books or on the books of the bank; and that clearly

constituted a declaration of trust in favor of the cestui que trust; and its effectiveness would not have been added to by the execution of the order. The notice in the bank book, requiring the person drawing money to present a written order, signed by the owner, when the book is not presented in person, relates exclusively to the drawing of the money, and is for the protection of the bank. It can have no effect upon the declaration of trust made by the donor, nor would the cestui que trust be required to have an order, if in possession of the books; and it seems conclusive that, when the donor provided for the delivery of the books to the bank, she intended the bank to, in turn, deliver them to the person entitled thereto. Nothing further would be needed to enable the possessor to draw the money, as he would then stand in the position of being the owner of the money and the holder of the bank book, under the rules of the bank, and no order would be necessary. We fully agree in the opinion delivered by the learned court below, and can safely rest our decision thereon.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

## DEELEY v. HEINTZ.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. SALES—WARRANTY—BURDEN OF PROOF.
    In an action for breach of warranty on a sale of goods, the burden of proof is on plaintiff.

2. SAME—EVIDENCE—CONTEMPORANEOUS AGREEMENT.
    In an action for a breach of warranty of goods, sold under a contract consisting of a correspondence between the parties, a contract between them for the sale of similar goods, referring to previous dealings between the parties as to the quality of goods to be thereafter delivered, is competent as showing the meaning of the descriptive terms used in the correspondence constituting the contract in suit.

Appeal from special term, New York county.

Action by Maud A. Deeley against Carl Heintz. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene Sondheim, for appellant.

Henry W. Rudd (M'Cready Sykes, on the brief), for respondent.

WOODWARD, J. Isaac Winkler & Bro., of Cincinnati, Ohio, were engaged in the year 1895 in dealing in carbonate of potash and other chemical products, and during that year purchased of the defendant, a resident of Cologne, Germany, 130 casks of "80–85 per cent. carbonate of potash." These 130 casks of potash, while purchased under distinct contracts, perhaps, were but a part of a long series of transactions between the parties; and, as the contracts had to be spelled out from the contents of various letters and telegrams, it was necessary to take under consideration, upon the trial, much that