The husband of deceased deposited money in a savings bank in trust for her. The evidence showed that it was not the intention of the depositor to give this money to the deceased, but that he intended to remain the legal owner thereof. *Held* that, upon his becoming administrator of her estate, he should not be charged with the same as belonging to the estate.

In the matter of the judicial settlement of Christopher Snyder as administrator of Phoebe Snyder, deceased. Motion to confirm report of referee granted.

Albert R. Moore, for administrator.

William F. Connell, for contestants.

Herbert T. Ketcham, referee.

CHURCH, S. This is a motion to confirm the report of a referee on a hearing had on objections to the account of the administrator. It appears that the administrator, who was the husband of the deceased, deposited $2,500 in a savings bank, in trust, however, for the deceased, and the question is whether he should be charged with this amount in his account. Where an account is opened in this manner in a savings bank, and there is no other explanation attending the intention of the depositor, it has been held that it will be presumed that the deposit is the property of the beneficiary; but this presumption is liable to be rebutted, and the sole question then becomes the intent of the depositor. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641; Board of Domestic Missions of Reformed Church in America v. Mechanics' Sav. Bank, 40 App. Div. 120, 54 N. Y. Supp. 28, 57 N. Y. Supp. 582.

The referee has found, from all of the evidence taken before him, that it was not the intention of the depositor to give this money to the deceased, but that it was deposited by him for his own use, with the intention to remain the legal owner thereof, and a careful examination of the evidence sustains the correctness of his decision. I have examined with care the very carefully drawn briefs of the contestants, but I do not think there is anything in the decisions which would warrant me in holding that this money was the property of the beneficiary. The motion to confirm the report of the referee is granted.

Motion granted.