JOHN McKINNON, by POPE D. McKINNON,

His Father and Next Friend,

*vs.*

BANGOR RAILWAY & ELECTRIC COMPANY.

*Contributory negligence.    Burden of proof.*

Penobscot.    Opinion July 21, 1917.

Action on the case to recover damages for injuries received by the plaintiff, as he alleges, through the negligence of the defendant.

*Held:*

1. The plaintiff, in order to recover, was bound to show not only defendant's negligence but affirmatively that no want of due care on his part contributed to the injury.

2. In actions of this kind, it is true that every negligent act upon the part of the plaintiff will not necessarily bar him from the recovery of damages. The rule has been stated many times "that he who last has an opportunity to avoid the accident, notwithstanding the negligence of the other, is solely responsible. If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except as it may be as one of the circumstances by which the requisite measure of care is to be determined."

3. Notwithstanding the negligence of the plaintiff in falling upon the fender of the defendant's car, the plaintiff was powerless to help himself; from that time a new relation existed between the parties, and it was the duty of the defendant, if it's servants having charge of the car knew of his position, or by the exercise of due care would have known the dangerous position the plaintiff was in, to use the same degree of care which a reasonable, careful and prudent man ought to use under the same circumstances; and if, with the exercise of reasonable care, they could have prevented the injury, it was their duty to do so, and failure on their part to so act would be negligence which would entitle the plaintiff to recover.

4. Where the negligent acts of the parties are distinct and independent of each other, the act of the plaintiff preceding that of the pefendant, it is considered that the plaintiff's conduct does not contribute to produce the injury if, notwithstanding his negligence, the injury could have been avoided by the use of ordinary care at the time by the defendant.

Action on the case to recover damages for injuries received through the alleged negligence of defendant company. Defendant filed plea of general issue. Verdict for plaintiff in the sum of $9916. Defendant filed motion for new trial and also exceptions to refusal of court to give certain requested instructions. Judgment in accordance with opinion.

Case stated in opinion.

*E. P. Murray, and W. R. Pattangall,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING: CORNISH, C. J., HALEY, HANSON, MADIGAN, JJ.

HALEY, J. An action on the case to recover damages for injuries received by the plaintiff, as he alleges, by reason of the negligent operation of the defendant street railroad. The verdict was for the plaintiff, and the case is before this court upon motion and exceptions.

The record discloses that on the morning of February 22, 1915, at about half past ten o'clock, a car of the defendant company, called an Old Town car, on the track of the defendant at Bangor, came up Exchange street and down State street, in a westerly direction, on the northerly track, towards Hammond or Main street; that when it arrived at a point near what is called the old post office, it had a slight collision with a jigger that had failed to get off the track, although the motor-man was constantly ringing the gong. The car stopped and a crowd commenced to gather, while the motor-man and conductor were taking the names of the witnesses who saw the collision, at which time a Highland street car of defendant came up Exchange street and turned the corner into State street about 180 feet away. The motor-man of the Highland street car saw the car ahead at a standstill as his car headed straight down State street and applied his brakes. State street, from Exchange street where the car stopped, is down grade. The day was warm and the snow was melting and running down along the car-rails into State street. The rails were slippery. When the brakes were applied the wheels of the Highland street car ceased turning, but the wheels skidded on the rail by reason of the rail being what the railroad men call "greasy." The car was about 31 feet long and weighed eleven tons. The motor-man next reversed his power, but the car-wheels got no grip on the rails and the car kept on, the motor-man ringing his gong continuously.

The conductor came forward and worked the lever on the sand box, which threw sand upon one rail of the track. The car would check up a little and then slide ahead again, but failed to stop. The car was a vestibule car, and in the vestibule there was a pail of sand with a small shovel in it. When the Highland street car was within a short distance of the stationary car, the plaintiff, à boy about ten years old, whose attention had been attracted by the car colliding with the jigger, ran from the sidewalk on the southerly side of State street diagonally across the street, and without seeing the Highland street car or looking to see if any car was coming he ran against the left hand corner of the Highland street car, fell, and was caught up by the projecting car fender and carried on until the Highland street car bumped into the stationary car. The motor-man of the Highland street car saw the boy appear at the corner of his car and saw him fall out of sight, whether on the fender, the ground or under the car the motor-man could not tell. The Highland street car was then moving very slowly, probably not more than four miles an hour, and there is some testimony showing it was not over two miles an hour. The motor-man's efforts to stop the car failed, although he was using his brake and reversing the power constantly from the time he came around the corner and the car began to skid, during which time the conductor was working the lever, sanding the rail that the wheels might catch so that the car would go backwards. When the cars came together the impact was not hard enough to break the glass or injure the cars. The plaintiff was caught between the two cars, his head was badly cut, his right hand and forearm crushed so that his arm had to be amputated a little below the elbow. Neither the conductor of the Highland street car nor the conductor or motor-man of the Old Town car knew of the boy's presence until after he was hurt. It also appeared that the defendant had a sand car which was used to sand slippery places upon it's tracks upon notice of their existence, but no sand had been put upon the State street tracks by the sand car on the morning in question.

There was also testimony tending to show that water running on the rails would wash the sand off, especially after a car had passed along and pulverized the sand on the rails, and that the condition of the car-rails as to slipperiness changed in a few minutes, being dependent upon the street traffic, water, moisture, frost, wind and atmosphere. There is but little dispute as to the facts, the principal

dispute being the distance of the Highland street car from the Old Town car when the plaintiff fell upon the fender of the Highland street car. The undisputed facts that the plaintiff, in the middle of the day, stepped from the sidewalk and attempted to cross a public street upon which the trolley-cars were running in plain sight, and without looking where cars were coming from, or the rate of speed at which they were traveling, or without looking for the car that was coming down the street, or without paying any attention to the ringing of the gong which was being rung all the time, heedlessly ran against the fender of the car and was thrown on the meshes of the car fender, shows beyond question that the plaintiff was not in the exercise of due care, that his want of due care was negligence that contributed to the injuries that he received, and as the plaintiff was bound to show not only the defendant's negligence, but affirmatively that no want of due care on his part contributed to his injury, *Colomb* v. *Street Railway*, 100 Maine, 418; *Mullen* v. *Railway*, 164 Mass., 452, his contributory negligence and want of due care is a bar to this action unless, as the plaintiff contends, that rule does not apply to this case.

The plaintiff claims that, admitting he was negligent in running on to the car so that he fell upon the fender, yet the defendant is liable because it's servants could, after the motor-man saw the plaintiff on the fender, or by the exercise of reasonable care might have seen him, have stopped the car and thereby have avoided the collision.

In actions of this kind it is true that every negligent act upon the part of the plaintiff will not necessarily bar him from the recovery of damages. The rule has been stated many times, "that he who last has an opportunity of avoiding the accident, notwithstanding the negligence of the other, is solely responsible."

"If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except as it may be as one of the circumstances by which the requisite measure of care is to be determined. In such a case the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior conduct." *Iron & Steel Co.* v. *Worcester & Nashua Railroad Co.*, 62 N. H., 162. Notwithstanding the negligence of the plaintiff in falling upon the fender of the defendant's car, the plaintiff was powerless to help himself; from that time a new relation existed between the parties,

and it was the duty of the defendant, if it's servants having charge of the car knew of his position, or by the exercise of due care would have known the dangerous position the plaintiff was in, to use the same degree of care which a reasonable, careful and prudent man ought to use under the same circumstances, and if, with the exercise of reasonable care, they could have prevented the injury, it was their duty to do so, and failure on their part to so act would be negligence which would entitle the plaintiff to recover." *Weitznan* v. *Nashua Electric R. Co.*, 53 N. Y., Supp., 903. In other words, when a plaintiff, by his negligence, has placed himself in a dangerous position, the defendant, advised of his situation, is not for that reason legally justified in failing to use reasonable care to avoid injuring him. *McKeon* v. *Railroad Co.*, 20 App. Div., 47 N. Y., Supp., 374. Where the negligent acts of the parties are distinct and independent of each other, the act of the plaintiff preceding that of the defendant, it is considered that the plaintiff's conduct does not contribute to produce the injury, if, notwithstanding his negligence, the injury could have been avoided by the use of ordinary care at the time by the defendant. *Atwood* v. *Railway Company*, 91 Maine, 399; *Ward, Admr.*, v. *Maine Central Railroad Co.*, 96 Maine, 136; *Butler* v. *Railway*, 99 Maine, 149; *Moran* v. *Smith*, 114 Maine, 55. But that doctrine does not apply to the facts of this case, as they fail to show negligence on the part of the defendant independent of and subsequent to the plaintiff's negligence. At the time the plaintiff fell upon the fender the motorman and conductor were using all means at their command to stop the car. It's speed had been reduced to between two and four miles an hour, and with the efforts they were making, but for the slippery or greasy condition of the rails caused by the melting snow and slime which ran off from the street on to the tracks, they would have been able to stop the car almost instantly. The condition of the rails was caused by the action of Nature but a few minutes before the accident, and was remedied by the action of Nature as the running water shortly washed the rails clean. The plaintiff claims that the rails should have been sanded, but the evidence shows that the sand would have washed away immediately. The conductor did not see the plaintiff or know of his position upon the fender until after the accident. The motor-man testifies positively that he did not, that he was trying to stop the car by putting on the power and reversing that he might make the wheels catch upon the rails and stop the car

from skidding, he saw the boy fall close to the car, he could not tell where, and from that time to the time the car ran into the Old Town car both the conductor and motor-man were doing their utmost to stop the car with proper appliances furnished for that purpose. There is no evidence of any negligence on the part of the defendant independent of and subsequent to the plaintiff's negligence that caused the plaintiff's injuries.

The case of *Weitznan* v. *Nassau Electric Co.*, 53 N. Y., Supp., 905, cited by the plaintiff, differs from this case in that the plaintiff in that case offered to prove that the car, upon the fender of which the plaintiff's intestate fell, could have been stopped within twenty feet from where the motor-man first saw the child approaching dangerously near the track. The court refused to admit the testimony, and therefore a new trial was granted.

In this case there is no evidence that the motor-man saw the child until it fell upon the fender, and the evidence shows clearly and conclusively that the efforts of both the conductor and motor-man could not have stopped the car before the collision.

In *Green* v. *Metropolitan Str. Ry. Co.*, 72 N. Y., Supp., 524, the plaintiff fell upon the fender of the car, and the car traveled a distance estimated at nearly 100 feet before it stopped, and the plaintiff was jolted off from the fender and run over, and the testimony proved that the car could have been stopped within 20 or 25 feet. It was held that the defendant was liable, but in that case there was no effort made to stop the car within the distance within which it could have been stopped. In this case the servants of the defendant made proper effort to stop the car.

As the evidence clearly shows that the plaintiff was guilty of negligence in falling upon the fender of the defendant's car, and that his negligence contributed to the injuries he received, and as the defendant was guilty of no independent subsequent negligence after the plaintiff's negligence, but that it's servants did all that an ordinary prudent person would or could have done under the circumstances to stop the car, which was a suitable car for the business for which it was being used, it follows that the motion must be sustained. It is unnecessary to consider the exceptions in detail as they are all practically covered by the statements of the law as applied to the motion for a new trial.

*Motion sustained.*
*New trial granted.*